GULF & SHIP ISLAND RAILROAD COMPANY *v.* SIMEON S. BOSWELL.

1. SUPREME COURT PRACTICE. *Instructions. Striking from record. Filing. Identifying. Code* 1892, § 732.

Where a number of instructions, each having been acted upon by the judge, were attached together and filed by the clerk on the back of a common wrapper, they will not, nor will any one of them, be striken from the record by the supreme court because each particular piece of paper containing an instruction was not separately marked and filed, on the claim that Code 1892, § 732, regulating the filing of instructions so as to make them a part of the record, had not been complied with.

2. SAME. *Appellants estopped by own instructions.*

Where an appellant asked for and was given an instruction propounding a legal proposition as applicable to the case, he cannot complain of an instruction for the appellee because it propounds the same proposition.

3. RAILROADS. *Licensees. Punitive damages.*

Where, in an action against a railroad for injuries to a licensee in a freight car, an instruction on punitive damages was granted plaintiff which was correctly phrased, the supreme court cannot determine, in the absence of a record containing the facts, whether or not defendant was prejudiced thereby.

4. SAME.

> Where, in an action for injuries to a licensee in a railroad car, the statement in the declaration of the injuries inflicted if true would warrant a recovery of compensatory damages in an amount exceeding the verdict, an objection, on appeal, that punitive damages were improperly awarded will not be considered in the absence of all evidence.

FROM the circuit court of Simpson county.

HON. JOHN R. ENOCHS, Judge.

Boswell, the appellee, was plaintiff, and the railroad company, appellant, was defendant in the court below. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

The declaration alleges that "plaintiff was rightfully on one of defendant's detached freight cars by invitation and permission of defendant, removing and unloading some lumber from said car, which was then on defendant's side track in the town of Mendenhall, where it had been placed by defendant for the purpose of enabling plaintiff to remove the lumber, when defendant's servants in charge of a certain locomotive and train of cars recklessly, grossly, negligently, and unlawfully ran said train of cars suddenly and violently against the detached car in which plaintiff was, throwing him off onto the ground with great force, and greatly hurt, bruised, and permanently injured plaintiff in body and limb, whereby plaintiff suffered and sustained great physical and mental anguish, and other inconveniences and deprivations, to plaintiff's damage $5,000." On motion of appellee the stenographer's notes, containing the only showing of the evidence, were stricken from the record. Appellee also made a motion to strike out the instructions in the case, because, as was charged in the motion, § 732, Code 1892, had not been complied with, and there was no bill of exceptions making the instructions given and refused in the case part of the record. By agreement the original papers of the circuit court were sent up for inspection by the court. These papers disclose the following facts in regard to the in-

structions: All the instructions asked for and given for plaintiff were pinned together, and at the bottom of each instruction the word "Given" was written. There was a blank sheet of paper attached to the back of the instructions, and on it was written: "Filed April 20th, 1904. J. C. Smith, Clerk." The instructions refused for defendant were each written on separate pieces of paper, and at the bottom of each was written the word "Refused." These instructions were also bound together, and a blank sheet of paper attached, on the back of which was written: "Filed April 20th, 1904. J. C. Smith, Clerk." The instructions given for defendant were each on a separate sheet of paper, and were all bound together. At the bottom of each was written the word "Given." Some of them were marked "Filed" at the bottom by the clerk, and others were not so marked, but there was written on the back of the last one the style of the case and the number and the words: "Filed April 20th, 1904. J. C. Smith, Clerk." The opinion of the court contains a statement of such other facts as are necessary for a full understanding of the case.

*McWillie & Thompson, James H. Neville,* and *E. J. Bowers,* for appellant.

1. Under the declaration in this case and the facts stated therein the plaintiff was in a freight car standing upon a side track, and was rightfully there for the purpose of unloading lumber from the car; and, this being true, we propound the proposition that Code 1892, § 3549, has no application.

We are, of course, familiar with the cases of *Illinois, etc., R. R. Co.* v. *McCalip,* 76 Miss., 360, and *Yazoo, etc., R. R. Co.* v. *Metcalf,* 84 Miss. (s.c., 36 South. Rep., 259), but neither of said cases presented for adjudciation the question here presented, which question is: Does the statute apply to a person who is in a car of the company at the time?

Surely the statute was intended only for the protection of persons who, and property which, might be upon the railroad

tracks. The means provided by the statute for the protection of those within its contemplation, "a servant on foot, preceding the backing train, not exceeding forty nor under twenty feet in advance, to give warning," show that persons in the cars were not in the legislative mind when the statute was adopted.

If Code 1892, § 3549, has no application to persons receiving injuries while in the cars of the railroad company, and consequently none to the case made by the declaration, then it follows, even in the absence of the evidence, that two of the instructions given to plaintiff by the court below are erroneous.

2. The first instruction given for the plaintiff is erroneous and should not have been given under any conceivable state of case, and it ought, we think, to cause a reversal of the judgment appealed from, even should this court strike out the stenographer's report of the evidence.

The objection to this instruction would apply to any action of trespass for damages to the person, no matter what the evidence might be, and that objection is that the instruction does not confine the jury in estimating damages to the evidence, but turns them loose to assess damages without reference to the proof. *Yazoo, etc., R. R. Co.* v. *Smith,* 82 Miss., 656.

3. The second of the instructions asked by defendant, and which the court refused, ought not to have been refused in an action of trespass under any conceivable state of evidence. That instruction was in these words:

"Before the plaintiff is entitled to recover a verdict against the defendant, it is incumbent on him to make out a case by a preponderance of the evidence."

Is not this true of all actions of trespass? Most certainly it is. While the declaration in the case averred an injury to plaintiff "inflicted by the running of the locomotives and cars of (the railroad) such company," and proof of being so injured would have made out a *prima facie* case, under Code 1892, § 1808; yet the instruction should have been given, because before the aid of the statute could have been invoked it was

incumbent on the plaintiff "to make out a case by a preponderance of the evidence," in the language of the instruction, showing that he had been so injured. The instruction surely ought to have been given, although plaintiff would, upon asking it, have been entitled to a counter one applying the statute, if the jury believed from the evidence plaintiff had shown by a preponderance of the evidence that he had been injured by the running of the locomotives or cars of the company. The fact that three of the instructions given for the plaintiff authorized action by the jury without regard to the evidence makes the effect of refusing the instruction under consideration especially prejudicial. The rule which will reverse, in the absence of the evidence, because of the giving of an instruction which should not have been given under any state of the evidence must apply to the refusal of an instruction which ought to have been given upon every conceivable state of facts. *Chrestman* v. *Russell,* 73 Miss., 452.

The sixth instruction given for plaintiff has no application to the case made by the declaration. The great weight of authority maintains the proposition that where the statute does not specifically designate the class to whom the duty of giving crossing signals is owing, it is due only to those who are about to use, or are using, or have lately used, the crossing, and that others cannot recover for injuries resulting from a failure to give the signals. *Pike* v. *Chicago, etc., R. R. Co.,* 39 Fed. Rep., 754; *Clark* v. *Missouri Pacific Ry. Co.,* 35 Kan., 350; *East Tennessee, etc., R. R. Co.* v. *Feathers,* 10 Lea (Tenn.), 103; *Reynolds* v. *Great Northern, etc., R. R. Co.,* 69 Fed. Rep., 808; *Bell* v. *Hannibal, etc., R. R. Co.,* 72 Mo., 50; *Elwood* v. *New York, etc., Ry. Co.,* 4 Hum., (N. Y.), 808; *Harty* v. *Central, etc., R. R. Co.,* 42 N. Y., 468; *O'Donnell* v. *Providence, etc., R. R. Co.,* 6 R. I., 211, 216; *Ransom* v. *Chicago, etc., R. R. Co.,* 62 Wis., 178 (s.c., 51 Am. St. Rep., 718, and note); *Williams* v. *Chicago, etc., R. R. Co.,* 135 Ill., 491.

It was prejudicial error, therefore, for the court below, under

the case made by the declaration, to have given said instruction, because the statute of which it was predicated had no application to the case.

*Green & Green,* and *S. L. McLaurin,* for appellee.

Counsel's first proposition that § 3549, Code 1892, has no application, conceding for argument's sake the question is before this court, cannot be here raised on the theory that *communis error facit jus,* because in the second instruction that appellant asked for this was there: "Or with reference to rate of backing in more than three miles an hour or with reference to being preceded by a person on foot." If the same was not applicable, why ask the court to apply the same to the instant case? And, the court having acceded to the request of the appellant and given the law based on the statute as requested, the appellant cannot complain, as the court has done nothing more than he requested.

Not content with the same in the second instruction, the court is asked by the appellant to tell the jury to find for the defendant "unless they further believe from the evidence that in coming into said side track they were operating their train in violation of the law with reference to the rate of speed they should run in incorporated towns or backing more than three miles an hour, or with reference to being preceded by a person on foot, or with reference to sounding its whistle or ringing the bell." The appellant actually requests the court to inform the jury that they will find for the appellee if the appellant violated the law in reference to this very section, quoted nearly literally from the statute, and the appellant had the jury to be told that if the appellant was doing this very thing, its act in doing so was illegal and that it was liable because thereof. Now it cannot complain.

In the eleventh instruction given for the appellant, appellant concedes its liability on the terms that the injury came about "while backing into said side track they were violating the law,

with reference to the rate of speed, in backing into or along a passenger depot, or with reference to having a person on foot preceding the backing train." *Van Oss* v. *Insurance Co.,* 63 Miss., 431; *Clusby* v. *Railroad Co.,* 78 Miss., 948.

Learned counsel try to invoke the rule of the case of *Railroad Co.* v. *Smith,* 82 Miss., 658, but the same is entirely inapplicable to the case at bar. It is true that it is the province of the jury to assess the damages and that the jury are the sole judges of the facts in assessing the same. That is elementary law, but the instructions do not contain the element that the court condemned in the Smith case. The jury are merely instructed that, having established the liability of the plaintiff for the injury, when they pass on the amount of damages their judgment in regard thereto is conclusive.

Appellant cannot complain of the alleged error arising from the giving of the instruction about the ringing of the bell and the blowing of the whistle, because as shown *supra* having invoked the same rule of law in the instructions that were given for it, it cannot assail the same as incorrect when given for the other party.

Argued orally by *R. H. Thompson,* for appellant, and by *Marcellus Green,* for appellee.

TRULY, J., delivered the opinion of the court.

Under the facts of this record as disclosed by the original papers we think the contention of appellee that we should not consider the assignment of error based upon the action of the court in granting and refusing instructions because the instructions are not marked and filed in conformity with the statute, nor embodied in a special bill of exceptions, is unsound. The original papers show that the instructions were in some manner so marked as to show that they were acted upon by the court and filed by the clerk. We think the argument that each particular piece of paper containing an instruction must be separately marked and filed by the clerk too narrow a construction

of the law. This case is plainly distinguishable from *Swann* v. *West,* 41 Miss., 104. In that case, as we gather from the report, there was no way to show that the instructions were, in truth, properly a part of the record. In any other view the decision in that case would not be maintainable. In the instant case all of the instructions are either attached one to another, and thus marked and filed, or each contains a notation of some character sufficient to show the action thereon by the court and the filing thereof by the clerk.

But when we consider the record as presented, the stenographer's notes already having been stricken out, we are unable to say that any fatal error was committed on the trial below. The argument of appellant that some of the instructions granted for the appellee were not proper under any state of case, and that some of the instructions refused appellant should have been granted in every state of case, even if granted, in no way assists us in solving the question whether or not material error was committed. In the absence of anything in the record to demonstrate that wrong was done the appellant, we must presume, under the well-settled doctrine, when no specific error is indicated, that the jury followed the instructions which were properly granted, and that the right result was reached.

Again, as to several of the instructions which appellant strenuously urges announce inapplicable principles of law, we find that the same propositions are propounded by the instructions which it asked for and received. Thus the appellant contends that the rules of law announced by § § 3546–3549, Code 1892, were not properly applicable to the case at bar; and yet we find that the second instruction requested and granted appellant in the court below charged the jury that, if they believed certain facts in evidence were true, then the railroad company was not liable, unless they should further believe that its employes "were operating their trains in violation of the law with reference to the rate of speed they should run in an incorporated town, or with reference to the rate of backing in more than

three miles an hour, or with reference to being preceded by a person on foot, or with reference to sounding its whistle or ringing its bell." To the same effect are the third and eleventh instructions granted the appellant. This was an express recognition of the applicability of the legal propositions stated therein, and appellant cannot now be heard to dispute or deny their correctness. To allow this would permit a litigant to contest a case in the trial court on one theory, and, if unsuccessful there, secure in the appellate court a reversal of the judgment because of error in the legal principle which he had himself invoked, or at least acquiesced in, as being both correct and applicable. To show the absolute justice of this conclusion it need only be noted that in the instant case the soundness of the several propositions here attacked was neither doubted nor denied in the court below, the appellant in no instance asking the court to instruct that any one of the code sections cited was not applicable to the case there made. If there was error in the ruling of the court in refusing any of the instructions denied the appellant, it is not so glaring as to be plainly apparent from an inspection of the bare record, the notes of the evidence being lacking.

The instruction authorizing the allowance of punitive damages if the jury believe in the existence of a certain statement of facts being correctly phrased, we are unable to state that the granting of the instruction was not warranted by the proof, or, if unwarranted, that it was prejudicial to the rights of appellant. We are without proof as to the extent of the injury suffered or the circumstances under which it was inflicted; and, being so without proof, we cannot say that the jury awarded any punitive damages. If we refer to the declaration for a statement of the injuries inflicted, and accept that statement, the amount awarded is manifestly not excessive, even though appellee had been restricted to the recovery of purely compensatory damages.

We are unable to say with any degree of confidence that any

error prejudicial to appellant was committed or that the result reached is not in accordance with law and justice, and under such circumstances the judgment must be affirmed.

*Affirmed.*