JAMES J. SAMPLE ET AL. v. TOWN OF VERONA.

[45 South. 2.]

1. MUNICIPALITIES. *Ordinances. Titles. Code* 1906, § 3406.

The provision of Code 1906, § 3406, requiring the subject-matters of municipal ordinances to be clearly expressed in their titles, is mandatory, and such an ordinance having no title is void.

2. CRIMINAL LAW AND PROCEDURE. *Illegal voting. Code* 1906, § 1122. *Municipal election.*

A municipal election is within Code 1906, § 1122, making illegal voting at any election an indictable offense.

FROM the circuit court of Lee county.

HON. EUGENE O. SYKES, Judge.

Sample and another, "two gentlemen of Verona," appellants, were tried and convicted on the charge of illegally voting at a municipal election in violation of a municipal ordinance, were each fined $10, and appealed to the supreme court.

The appellants were separately charged, before the mayor's court of the town of Verona, with illegally voting at a certain municipal election "contrary to the ordinances of said town in such cases made and provided, and against the good order and peace thereof." Having been convicted, they severally appealed to the circuit court, where the two cases were tried jointly. The ordinance which appellants were charged with violating, and which is referred to in the opinion of the court, is as follows:

"Be it ordained by the mayor and board of alderman of the town of Verona, that all offenses under the penal laws of the state, Code of 1906, amounting to a misdemeanor shall be offenses against the town of Verona, in whose corporate limits the offense may have been committed, and upon conviction thereof the same punishment shall be imposed by the town of Verona as is provided by the laws of the state not in excess of the maximum penalty which may be imposed by a municipal corporation. For reasons satisfactory to the mayor and board of alderman, this ordinance shall be effective from and after its passage."

The evidence discloses that the two appellants, who were negroes, were not registered voters of Lee county at the time they voted in the municipal election held in Verona for election of aldermen.

*Anderson & Long,* for appellants.

The appellants were convicted on a charge of illegally voting in a special election held in the town of Verona for the election of two alderman. The conviction was under a general ordinance purporting to make all violations of the state law, of a less grade than felony, violations of the ordinance of the town of Verona. Strenuous objection was made by appellants in the court below to the introduction in evidence of the ordinance, and also of the municipal minute book, because the ordinance had no title or heading as required by Code 1906, § 3406; and also because neither the ordinance nor the minute book containing the ordinance showed that Code 1906, § 3405, was complied with in the adoption of the ordinance.

The two code sections above cited are mandatory. *Winfield v. Jackson,* 89 Miss. 272, 42 South. 183; *Chrisman v. Jackson,* 84 Miss. 787, 37 South. 1015; *Ocean Springs v. Green,* 77 Miss. 472, 27 South. 743; *Kemp v. Hazlehurst,* 80 Miss. 443, 31 South. 908; *Morris v. Greenwood,* 73 Miss. 430, 19 South. 105. Even if the code sections are not literally followed,

there must be a substantial compliance with their provisions. *Swan v. Buck*, 40 Miss. 268. There can be no substantial compliance with Code 1906, § 3406, when the municipal ordinance has no title whatever. 21 Am. & Eng. Ency. Law (2d ed.), 974, 975; *San Antonio v. Micklejohn*, 89 Tex. 79.

Code 1906, § 1122, is the only statute in our state providing for the punishment of any one illegally voting in an election; and the appellants were tried for violating this code section. Even if the ordinance of the town had been properly enacted, still the appellants could not legally be held, because Code 1906, § 1122, does not make illegal voting in a municipal election an offense. The statute does not mention municipal elections. *Commonwealth v. Howe*, 114 Mass. 144; *Nettles v. State*, 49 Ala. 35.

*George Butler*, assistant attorney-general, for appellee.

Code 1906, § 3404, provides for the style and publication of all municipal ordinances. And by Code 1906, § 3408, the mayor and board of aldermen are authorized to order a codification or revision of the municipal ordinances, from time to time. By Code 1906, § 3410, it is prescribed that, "when so provided by a general ordinance of the municipality," offenses against the state laws, less than felony, may be made offenses against the municipality. These several code sections must be construed together. In the codification of the municipal laws the legislature hardly contemplated that each and every section should be given a title. Nor was it contemplated that each and every offense was to be embraced within the title of the general ordinance provided by Code 1906, § 3410. The manifest purpose of Code 1906, § 3406, is to prevent the joining together of several independent and incongruous matters in one ordinance, and to prevent deception of the public or members of the council by means of provisions in ordinances of which the title gives no intimation. 28 Ency. Law, 572.

As the legislature has in effect said that the general ordi-

nance provided for by Code 1906, § 3410, might embrace more than one subject, we are therefore bound to conclude that Code 1906, § 3406, has no application to the general ordinance provided by Code 1906, § 3410. The code section then might read: "An ordinance shall not contain more than one subject which shall be clearly expressed in its title, but this shall not apply to the general ordinance provided for by § 3410." The embracing of all of these different offenses in one ordinance is in itself a codification of the criminal ordinances of the municipality.

WHITFIELD, C. J., delivered the opinion of the court.

The ordinance under which these appellants were convicted was adopted without any title whatever. Section 3406, Code of 1906, is in the following words:

"An ordinance shall not contain more than one subject, which shall be clearly expressed in its title; and an ordinance shall not be amended or revised unless the new ordinance contain the entire ordinance as revised, or the section or sections as amended, and the original shall thereby be repealed."

Section 71 of the Constitution of 1890 is in the following words: "Every bill introduced into the legislature shall have a title, and the title ought to indicate clearly the subject-matter or matters of the proposed legislation. Each committee to which a bill may be referred shall express, in writing, its judgment of the sufficiency of the title of the bill, and this, too, whether the recommendation be that the bill do pass or do not pass."

In respect to constitutional provision of this kind it is said in 26 Am. & Eng. Ency. of Law (2d ed.), p. 572; "In Ohio the peculiar doctrine is maintained that the provision is merely directory to the legislature, giving the courts no power to declare an act invalid because violative thereof, and the California court held the same way under a former constitution in that state. But it is somewhat difficult to conceive how any express

constitutional limitation on the power of the legislature can be regarded as directory only, and certainly such provisions are everywhere else deemed to be mandatory, requiring the courts to pronounce invalid all statutes in violation thereof." Manifestly the provision of our constitution is mandatory in this regard; and so, also, is section 3406 of the Code of 1906 as to municipal ordinances. The ordinance should have been excluded.

Section 1122, Code of 1906, is in the following words:

"Any person who shall vote at any election, not being legally qualified, or who shall vote in more than one county, or at more than one place in any county, or in any city, town, or village entitled to separate representation, or who shall vote out of the district in which he resides, shall be liable to indictment, and, on conviction, shall be fined not exceeding two hundred dollars, or be imprisoned in the county jail not more than six months, or both." A municipal election is included in the language "at any election."

But for the error in admitting this void ordinance the judgment is reversed, and the prisoners discharged.

*Reversed.*