Home Ins. Co. of New York *v.* Dahmer *et al.*

(Division B. Oct. 30, 1933.)

[150 So. 650. No. 30791.]

894

Butler & Snow, of Jackson, Ward Allen and W. H. Lott, both of Greenwood, for appellant.

**H. C. Mounger** and **Alfred Stoner**, both of Greenwood, for appellees.

896

Argued orally by **W. H. Lott**, for appellant, and by **H. C. Mounger** and **Alfred Stoner**, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellees, John Dahmer and F. A. Wright, brought this action against appellant in the circuit court of Leflore county on a fire insurance policy of three thousand dollars, to recover that amount, based on the alleged total destruction by fire of a building in the city of Greenwood, owned by appellee Dahmer, in which insurance policy there was a mortgage clause in favor of appellee Wright, who held a first mortgage on the property. There was a trial resulting in a verdict and judgment in favor of appellees in the amount sued for. From that judgment, appellant prosecutes this appeal.

Appellees averred in their declaration that on August 30, 1931, while the policy of insurance was in effect, the building insured was damaged by fire to an amount greater than one-half of its total value, exclusive of the value of the foundation, and that under the provisions of an ordinance of the city of Greenwood, entitled "an ordinance regulating the use of fire protection equipment," recorded in Ordinance Book 2 at page 363, repair of the building was prohibited, by reason whereof the building became a total loss to appellees, and entitled them to recover from appellant the full amount of the insurance provided for in the policy. A copy of the ordinance referred to was attached to appellee's declaration as an exhibit. Appellant pleaded the general issue.

On the trial the ordinance was admitted in evidence over appellant's objection. One of appellant's grounds of objection was that the ordinance was void because the subject of which it treated was not clearly expressed in its title, as required by section 2544, Code of 1930. We have in this state, and have had for many years, a valued policy statute, section 5183, Code of 1930.

Section 1 of the ordinance established fire limits in the city of Greenwood and defined the boundaries thereof, and provided that no material should be used in contructing or repairing any building in such district except of

brick, stone, or concrete, unless a special permit be first obtained from the city authorities. Section 2 of the ordinance provided that no building having frame, wood, or veneered walls should be erected or moved into the fire district. Section 3 provided that the ordinance should apply to buildings within the fire limits then existing or which might afterwards be established. Section 4 provided for the erection within the fire limits of temporary one-story frame buildings for the use of buildings on lots where buildings were being erected. Section 5 provided for the erection of certain frame sheds. Section 6 provided for the erection within the fire limits of frame houses of certain dimensions located thirty feet or more from any other building. Section 7 made provision for the kind of roofing to be used within the fire district. Section 8 provided that any building of the kind prohibited by this ordinance standing within the fire limits could not be rebuilt after burning if damaged to an amount greater than one-half of the total value thereof, exclusive of the value of its foundation. Section 9 provided for the manner of arbitration if the owner of the property referred to in section 8 was dissatisfied with the decision of the city authorities in regard to the proportionate value of the part destroyed. Section 10 provided that the owner, architect, contractor, or builder erecting buildings in violation of the ordinance would be guilty of a misdemeanor and subject to fine. Section 11 repealed all ordinances in conflict with this one.

The evidence on behalf of appellees tended to establish the fact that the building was damaged to an amount greater than one-half of its total value, exclusive of the value of its foundation; while the evidence on behalf of appellant tended to establish the contrary.

The appellees, evidently fearing that there was some trouble in reference to the title of the ordinance which they pleaded and introduced in evidence, over appellant's objection, sought to cure any such defect by offering in evidence the following, which the court ruled out on ap-

pellant's objection: Minute Book 6, p. 347, of the minutes of the mayor and board of aldermen of the city of Greenwood, which purported to be the original of the ordinance in Ordinance Book 2, at page 363, relied on by appellees; as the ordinance there appeared it had this title, "An ordinance establishing the fire limits and regulating the construction of buildings therein," but a description of the fire limits was entirely omitted therefrom; Minute Book 11, p. 247, purporting to have been adopted on June 5, 1928, subsequent to the ordinance in Minute Book 6 at page 347 and Ordinance Book 2, p. 363, the title to which is in this language: "An ordinance amending section 1 of an ordinance entitled 'an ordinance establishing the fire limits and regulating the construction of buildings therein' of the minutes of the city of Greenwood on June 5, 1913, in Minute Book 6, page 347 and in Ordinance Book 2, page 363." This ordinance purported to describe. the fire limits, which description, as stated, had been omitted from the ordinance in Minute Book 6, at page 347.

Manifestly the title to the ordinance relied on by appellees as it appears in Ordinance Book 2, page 363, was totally insufficient to indicate the subject of which the ordinance treated. We repeat the language of the title, "An ordinance regulating the use of fire protection equipment." Fire protection equipment is absolutely foreign to the subject-matter of the ordinance. Section 2544, Code of 1930, provides as follows: "An ordinance shall not contain more than one subject which shall be clearly expressed in its title; and an ordinance shall not be amended or revised unless the new ordinance contain the entire ordinance as revised, or the section or sections as amended, and the original shall thereby be repealed."

It will be observed that the statute provides, among other things, that an ordinance shall not contain more than one subject which shall be clearly expressed in its title. In Sample v. Town of Verona, 94 Miss. 264, 48 So. 2, the court held this statute mandatory and not direc-

tory, and that therefore an ordinance failing to clearly express in its title its subject-matter was void. That decision was under section 3406, Code of 1906, of which section 2544, Code of 1930, is a rescript. This decision of our court is in line with the authorities elsewhere.

Where by statute or charter it is provided that the subject-matter of an ordinance of a municipality shall be clearly expressed in its title, the title becomes a part of the ordinance, "and the test for determining whether the title sufficiently indicates the purpose of the ordinance is that it must express the subject in such terms that the lawmakers and the people may not be left in doubt as to what matters are treated. These provisions are mandatory in their nature, and an ordinance is void where the title does not indicate the subject-matter thereof, or where the title of the ordinance is wholly inconsistent with the subject thereof or states a wholly different subject." 43 C. J. 523, section 805.

Appellees argue, however, that to reverse the judgment in this case upon the ground that the ordinance relied on by them is void because without a sufficient title would be a fruitless thing to do, for the reason that they offered in evidence, which the court ruled out on appellant's objection, the amendatory ordinance adopted June 5, 1928, which cured any defects either in the title to or the subject-matter of the ordinance pleaded and relied on by them. They state that, if the judgment is reversed, on another trial they will have the right to introduce in evidence the amendatory ordinance of June 5, 1928, which would inevitably result in another judgment for the same amount in their favor. There is a good deal of force in that position, but we think it is unsound. There may be other grounds of objection by appellant to the introduction of the amendatory ordinance that were not urged and passed on at the trial. On another trial it may be discovered that some of the fundamental requirements of law were not complied with in the adoption of the ordinance, which would void it. Appellant would

not be confined to the same objections to the ordinance on another trial. We cannot foretell, therefore, what judgment would result in another trial. The entire trial proceeded on the theory that the ordinance in Ordinance Book 2, page 363, was rightfully in evidence. The instructions, to a large extent, were based on that theory.

Appellees argue that appellant is estopped from attacking the validity of the ordinance admitted in evidence over its objection, because it obtained an instruction assuming that the ordinance was properly in evidence. We think that view is without merit. If a cause is erroneously tried over the objection of one of the parties, such a party by yielding and making the best of the situation waives no right on appeal. Foster v. City of Meridian, 150 Miss. 715, 116 So. 820.

The cases relied on by appellees, Liverpool & London & Globe Insurance Company v. Van Os, 63 Miss. 431, 56 Am. Rep. 810; Wilson v. Zook, 69 Miss. 694, 13 So. 351; G. & S. I. R. R. Co. v. Boswell, 85 Miss. 313, 38 So. 43, are manifestly not in point.

Reversed and remanded.