ILLINOIS CENT. R. CO. v. HANDY ET AL.

[66 South. 783.]

1. RAILROADS. *Accident at crossings. Negligence. Speed. Appeal and error. Right to allege error. Invited error. Death. Damages.*
The running of a railroad train within the limits of a city, at a greater rate of speed than six miles an hour, is unlawful and

is negligence *per se*, and where decedent, for whose death suit is
brought, would have crossed the railroad track before he was
struck, if the train had been running at a rate of speed not ex-
ceeding six miles an hour, under the concurrent negligence stat-
ute, (Laws 1910, chapter 135), the railroad company was liable
for at least a part of the damages, and it was proper for the
court to instruct the jury to find for the plaintiff.

2. APPEAL AND ERROR. *Invited error. Right to allege error.*
Where the defendant requested instructions for submission of
decedents' contributory negligence to the jury, and no request
was made to charge that decedent was negligent as a matter of
law, defendant cannot object on appeal that an instruction sub-
mitting such matter to the jury was granted to the plaintiff.

3. DEATH. *Excessive damages.*
A verdict awarding plaintiff twenty-five hundred dollars in an ac-
tion for death, is not so excessive as to evince passion and prej-
udice on the part of the jury.

APPEAL from the circuit court of Madison county.
HON. W. A. HENRY, Judge.
Suit by Ella Handy and others against the Illinois
Central Railroad Company. From a judgment for
plaintiff, defendant appeals.

This is an appeal from a judgment for two thousand
five hundred dollars. The instruction referred to in the
opinion of the court is as follows:
"You are instructed to find a verdict for the plaintiffs
in this case, therefore, it is your duty under your oaths
to award them actual damages, that is, such a sum of
money as will compensate the plaintiffs for the actual
damage sustained in the loss of their husband and father.
Of course, it is impossible to figure out accurately in dol-
lars and cents what is an exact amount of money to be
awarded plaintiffs as actual damage; but you must take
a reasonable view of the case and consider what sum of
money would be a reasonable amount to award to the
plaintiffs as actual damages sustained in this case, tak-
ing into consideration all pecuniary loss to plaintiffs, if

any, and also taking into consideration the loss of the companionship, protection, and society of plaintiffs' husband and father; but the amount to be awarded by you must not exceed ten thousand dollars; but if you believe from the evidence that at the time deceased was killed, deceased's own carelessness and negligence contributed to his injury and death, you shall diminish the actual damages you would otherwise award to plaintiffs in proportion as you believe from the evidence deceased's own negligence contributed to his death.''

*Mayes & Mayes* and *R. V. Fletcher*, for appellant.

*A. K. Foot* and *H. B. Graves*, for appellee.

SMITH, C. J., delivered the opinion of the court.

Alfred Handy was struck and killed by one of appellant's trains, and this is an appeal from a judgment awarding appellees, his next of kin, damages therefor. Appellees were plaintiffs and appellant was defendant in the court below, and they will be hereinafter so designated.

Only two assignments of error are argued in the brief of counsel for defendant. The first of these is that the court below erred in granting appellees' instruction No. 1, which instruction the reporter will set out in full. The objections to this instruction to which we deem it necessary to respond are: First. That on the evidence defendant's negligence, *vel non*, was a question of fact for the determination of the jury. Second. That "the court left to the jury the question of: First, whether or not the deceased was negligent; second, whether or not that negligence of his contributed to his injury.''

The running of the train on the occasion in question, within the limits of the city of Canton, at a greater rate of speed than six miles an hour was unlawful and was negligence *per se;* and it is manifest from the evidence

that, had this train been running at a rate of speed not exceeding six miles an hour, Handy would have gotten across the track and out of danger before it struck him. This being true, there can be no question but that the defendant's negligence at least contributed to Handy's injury, and therefore under our concurrent negligence statute (chapter 135, Laws 1910) it is liable for at least a portion of the damages resulting therefrom. It was proper, therefore, for the court to instruct the jury to find for plaintiffs.

Coming now to the second objection to this instruction, we will assume, for the sake of the argument, that Handy's own negligence contributed to his injury, and that the court, on request of defendant, should have instructed the jury to so find. An examination of the record discloses that the defendant requested fifty-six instructions, fifty-four of which were refused, and in not one of them did it seek to have the jury peremptorily charged to find that Handy's own negligence contributed to his injury, but on the contrary, it sought by several of them to have the jury instructed on the law of contributory negligence, evidently on the theory that it was for the jury to say whether or not Handy was guilty thereof. So that while it may be that the theory upon which the case was tried—that is whether or not Handy was guilty of contributory negligence—was a question of fact for the jury was erroneous, nevertheless that also was the theory upon which the defendant sought to have it tried by the instructions which it requested. This being true, the error in the instruction now under consideration, conceding that error in fact there is, was invited, or at least was participated in, by the defendant, and therefore it cannot complain because of the commission thereof. *Consensus tollit errorrem. Insurance Co.* v. *Van Os,* 63 Miss. 431, 56 Am. Rep. 810; *Wilson* v. *Zook,* 69 Miss. 694, 13 So. 351; *Railroad Co.* v. *Jones,* 16 So. 300; *Manufacturing Co.* v. *Blalack,* 18 So. 800; *Hitt* v.

*Terry,* 92 Miss. 672, 46 So. 829. The fact that these in-
structions requested by the defendant were not granted
is immaterial, for the reason that they invoked the rule
acted upon in the granting of the instruction complained
of, and were calculated to, and probably did, mislead the
judge in determining upon what theory the cause should
be tried.

A reduction in the amount of damages to be awarded
seems not to have entered into the line of defense chosen
by the defendant in the court below, the sole object of
which seems to have been to obtain an acquittal from any
liability at all. In its notice accompanying its plea of
general issue, it alleged that it would prove on the trial
that Handy "was killed by his own negligence, and not
by the negligence of this defendant," following this al-
legation with a statement of the acts of Handy
which evidenced his negligence. At the close of the
evidence it requested, and was refused, an instruction
charging the jury peremptorily to find for it, not that
Handy be found guilty of contributory negligence, but
that a general verdict be returned in its favor. It then
requested fifty-five other instructions, by none of which
was our concurrent negligence statute sought to be in-
voked. Fifty of these instructions were in aid of its
chosen line of defense, one of the elements of which,
after the refusal of the peremptory instruction, evi-
dently was that whether or not Handy was guilty of
contributory negligence was a question for the deter-
mination of the jury. The remaining five of these in-
structions dealt with the elements of damage to be taken
into consideration by the jury in event it should find a
verdict for plaintiffs, but contained no reference what-
ever to the matter here under consideration.

A party who has proceeded throughout the trial in the
court below on a definite theory will not be permitted
in this court to proceed upon a theory entirely different
and antagonistic to the one proceeded upon in the court

below. This is the clear meaning of *Bailroad Co.* v. *Schraag*, 84 Miss. 154, 36 So. 193, and *Railroad Co.* v. *Sumrall*, 96 Miss. 867, 51 So. 545. To this rule, as to most other general rules, there may be exceptions, but, if so, the case at bar does not come within any of them, but is a typical one for the application of the rule itself. Moreover, it must be remembered that a circuit judge has no power to grant an instruction of his own motion, and that his power to modify such as are requested should be always exercised with great caution, and in no event, unless, as requested, an instruction in his opinion is erroneous; and, when we also remember that an erroneous modification of an instruction may necessitate the setting aside of a verdict, we must admit that he would be a bold judge indeed who would modify an instruction so as to give to the opposing party a right which he had not asked, and which his counsel evidently either thought he was not entitled to or did not desire to invoke. How easy it would have been to have called the court's attention to the error here complained of by simply requesting an instruction peremptorily charging the jury to find that Handy's own negligence contributed to his injury. This was not done, and for the reasons herein before given, it is too late now, to object that the court below did not, of its own motion, modify the instruction requested by the plaintiffs so as to so charge the jury.

The second assignment of error argued is "that the verdict is so excessive as to evince passion and prejudice on the part of the jury." This assignment is without merit.

*Affirmed.*

REED, J., dissents.