Bonds v. Mobile & O. R. Co.

[88 South. 161, No. 21753.]

Railroads.   *Burden imposed by prima facie statute.*

Under our prima-facie statute (section 1985, Code of 1906; section 1645, Hemingway's Code), where it is shown by proof that the injury was caused by the running of cars, and it is also established that the speed of the cars was unlawful at the time of the injury, it is incumbent upon the railroad company, before it

is entitled to a peremptory instruction, to explain and show how the injury occurred, and that it was not proximately caused by its negligence in the running of the cars at an unlawful rate of speed; and, unless the evidence exonerates the railroad company from negligence proximately causing the injury, the burden imposed by the *prima-facie* statute has not been met.

Appeal from circuit court of Lee county.

Hon. C. P. Long, Judge.

Action by Karlton Bonds against the Mobile & Ohio Railroad Company. Judgment for defendant on a peremptory instruction, and plaintiff appeals. Reversed and remanded.

*Cox & Cox,* for appellant.

The declaration contained two counts, one on the presumption statute, section 1985 of the Code of 1906, section 1645 of Hemingway's Code; and one on the excess speed statute, section 4043 of Code of 1906, section 6667 of Hemingway's Code. Upon the conclusion of the evidence on behalf of plaintiff the trial judge sustained a motion of defendant for a peremptory instruction for defendant declaring it to be a case of *res ipsa loquitur,* it being manifest beyond controversy, as the court thought, that plaintiff had attempted to catch the moving train and been jerked down and injured.

This action of the court is assigned as error; and should reverse the case and cause it to be sent back for trial on the facts by a jury. Proof of the injury by a moving train was so clear that the mind of the trial judge was satisfied upon that point. This fact is unexplained, entitled plaintiff to judgment. *Ala. & V. R. R. Co.* v. *Thornhill,* 106 Miss. 409; *Miss. Central R. R. Co.* v. *Robinson,* 106 Miss. 900. In order that the statutory presumption might be overcome, the facts and circumstances should not have been left to conjecture; the evidence must be of such a character that from it the jury can determine what these facts and

circumstances are. *Southern Ry. Co.* v. *Daniell,* 108 Miss. 370; *Gulf & S. I. R. R. Co.* v. *Boone,* 82 So. 337.

To meet the burden it was incumbent upon the defendant to put in evidence all the facts and circumstances. *Gulf & S. I. R. R.* v. *Boone,* 82 So. 337. The facts of the accident must be clearly shown. If the facts be not proven, and the attendant circumstances of the accident remain doubtful, the company is not relieved from liability and the presumption controls. *Railroad Co.* v. *Hunnicutt,* 98 Miss. 293; *N. O. & N. E. R. R. Co.* v. *Brooks,* 85 Miss. 274.

In the instant case the facts and circumstances attending the jury are not known. The conclusion of the trial judge that plaintiff caught hold of the moving train and was jerked or fell down with his foot upon the rail and was thus injured was pure conjecture.

In this connection the case of *R. R. Co.* v. *Hunnicutt,* 98 Miss. 290, was pressed upon the court by counsel for defendant and must greatly have influenced his judgment. In that case the court held that the proof of the killing of Hunnicutt by the running train of defendant was *prima-facie* proof of negligence, authorizing a recovery by plaintiff; and that to overcome this statutory presumption it devolved upon appellant to exculpate itself by establishing to the satisfaction of the jury such circumstances of excuse as would relieve it from liability. But this statutory presumption cannot be overthrown by conjecture. The circumstances of the accident must be clearly shown, and the facts so proven must exonerate the company from blame. "If the facts be not proven and the attendant circumstances of the accident remain doubtful, the company is not relieved from liability and the presumption controls." This language in quotation marks is quoted from the opinion in *N. O. & N. E. R. R. Co.* v. *Brooks,* 85 Miss. 274.

In connection with this case we ask the court to read the case of *I. C. R. R. Co.* v. *Gray,* 7950, 812.

The law of this case, for the purpose of determining the correctness of the court's action in directing a verdict for defendant, is that upon proof of the injury the defend-

ant must fully and completely exonerate itself. This rule was clearly and tersely stated by a great jurist in *Railroad Co.* v. *Brook,* 85 Miss. 275. It was shown beyond peradventure that the injury was inflicted by the running of the train. This was *prima-facie* proof of negligence, authorizing a recovery by plaintiff. To overcome this statutory presumption it devolved upon appellant to exculpate itself by establishing to the satisfaction of the jury such circumstances of excuse as would relieve it from liability. But this statutory presumption cannot be overthrown by conjecture. The circumstances of the accident must be clearly shown, and the facts so proven must exonerate the company from blame.

If the facts be not proven and the attendant circumstances of the accident remain doubtful, the company is not relieved from liability, and the presumption controls. This rule as stated by Judge Truly was approved by Judge Whitfield, and followed in *Y. & M. V. R. R. Co.* v. *Landrum,* 89 Miss. 509-410.

It was approved by Justice Mayes and followed in *Easley* v. *Railroad Co.,* 96 Miss. 399. It was approved by McLean, Commissioner, and followed in *A. G. S. R. R. Co.* v. *Hunnicutt,* 98 ·Miss. 293. It was approved by Justice McLean and followed in *Fuller* v. *I. C. R. R. Co.,* 100 Miss. 724. It was approved by Justice Smith and followed in *N. O. & N. E. R. R. Co.* v. *Cole,* 101 Miss. 176.

The rule as above stated requiring the defendant railroad company on proof of injury by a moving train to exculpate itself by showing facts of exoneration to the satisfaction of the jury seems to some extent to have been qualified in *A. & V. R. R. Co.* v. *Thornhill,* 106 Miss. 400, the court, among other things, declaring that when the facts and circumstances have been ascertained, the presumption of negligence created by the statute disappears, and the defendant's negligence *vel non* must then be determined alone from such facts and circumstances. *In Southern R. R. Co.* v. *Daniell,* 108 Miss. 364, this question was again considered and passed upon by the court, the opinion being

delivered by SMITH, C. J., who had delivered the opinion in the *Thornhill case, supra;* and the court admitted the contention of counsel that the rule requiring complete exculpation of defendant upon proof of injury by a running train placed too great a burden upon defendant, the court declaring that in order that the statutory presumption may be overcome, the facts and circumstances must not be left to conjecture; the evidence must be of such character that from it the jury can determine what these facts and circumstances are, but when they have been determined the statute has served its purpose and can no longer be invoked.

This brings the case squarely within a principle announced in *A. & V. R. R. Co.* v. *Thornhill,* 106 Miss. 409, paragraph 3 of the court's summing of the law deduced from a review of the cases reads as follows: "This *prima-facie* presumption, however is not a specific, but a general one; that is, negligence is presumed in the doing or omission of any act that could have reasonably caused the injury, and consequently, in order that it may be rebutted, the evidence must disclose the doing or omission of every act from the doing or omission of which an inference of negligence *vel non* could be drawn." We take this to mean that if upon a full disclosure of the facts anything is shown that could reasonably have caused the injury, the burden of presumed liability has not been met and the presumption raised by the statute not rebutted; and hence that judgment should go for the plaintiff. This principle was applied in *Brown* v. *R. R. Co.,* 103 Miss. 322.

In *R. R. Co.* v. *Carney,* 109 Miss. 234, there was proof of a killing by a running train of the defendant railroad company. The company undertook to meet the burden imposed by the statute by showing proper equipment of locomotive and its careful operation. However it appeared from the evidence that the employees failed to observe section 4045 of the code of 1906 as to blowing whistle or ringing bell when approaching crossing. The court says: "This was a violation of the plain mandate of the law, and

it follows that the burden of statute is never met in any instance when the facts disclosed show a violation of law or breach of duty which might reasonably have caused, or contributed to cause the injury." *I. C. R. R. Co. v. Reed* (Miss.), 74 So. 423.

The running of a train through a municipality at a speed in excess of six miles per hour is unlawful and is negligence *per se. Railroad Co.* v. *Handy,* 108 Miss. 422.

The statute was enacted to protect life and property with reference to the known danger .to both in cities and towns from the rapid motion of locomotives and cars. It is designed to protect against the known imprudence of the many who need protection against themselves. It may be invoked even by trespassers. *Vicksburg R. R. Co.* v. *Mc-Gowan,* 62 Miss. 697; *R. R. Co.* v. *Carter,* 77 Miss. 516; *Stevens* v. *Railroad Co.,* 81 Miss. 206; *R. R. Co.* v. *Robinson,* 106 Miss. 902; *R. R. Co.* v. *Pace,* 109 Miss. 679.

Its policy is wise and beneficent, and should be promoted by the courts by giving to the statute at least a fair and reasonable construction, see *I. C. R. R. Co.* v. *Causey,* 106 Miss. 50. There have never been but two defenses possible where cases come within the statute: First, contributory negligence of the person injured; second, want of casual connection between excess speed and the injury.

To an action for injuries to the person inflicted by a train running at an unlawful rate of speed within the limits of a municipality only two defenses are possible, the liability being absolute unless it appears that the unlawful speed was not the cause of the injury, or that the person injured was himself guilty of negligence contributing proximately to the injury. *I. C. R. R. Co. v. Watson* (Miss.), 39 So. 70.

Since the adoption of the statute abolishing contributory negligence as a defense, only one defense is left; and while the injury in the case at bar occurred prior to adoption of that statute, contributory negligence is not pleaded and could not be invoked. The only defense possible in this case then is that the unlawful rate of speed at

which train was running when plaintiff was injured was not the proximate cause of the injury. When unlawful speed and injury to persons by running train are shown, burden of exculpation is on defendant company. A railroad company violates the statute at its peril and must bear the burden of exculpating itself. *R. R. Co.* v. *McGowan,* 62 Miss. 697; *Jones* v. *R. R. Co.,* 75 Miss. 972; *R. R. Co.* v. *Watson,* 39 So. 70; *R. R. Co.* v. *Crominiarity,* 86 Miss. 466. The question whether excess speed was the proximate cause of the injury is for the jury. *Jones* v. *R. R. Co.,* 75 Miss. 972; *R. R. Co.* v. *Watson,* 39 So. 70; *Hopson* v. *R. R. Co.,* 87 Miss. 794; *Brown* v. *R. R. Co.,* 103 Miss. 323. Nor is it necessary to impose liability that the unlawful speed be the sole proximate cause of the injury. It is enough if it contribute to bring about the injury. *R. R. Co.* v. *Handy,* 109 Miss. 423; *R. R. Co.* v. *Thomas,* 109 Miss. 548.

The question of proximate cause cannot be taken from the jury unless it is indubitably established by the evidence that the negligence of defendant did not cause, nor contribute to cause, the injury suffered. *R. R. Co.* v. *Watson,* 39 So. 70; *Hopson* v. *R. R. Co.,* 87 Miss. 794. An application of the foregoing principles to the case at bar demonstrates that a peremptory instruction for defendant should not have been given.

*J. M. Boone,* for appellee.

We say that the facts and circumstances in this case demonstrate beyond doubt that this boy was injured by approaching this train while it was passing close enough to be injured by his own act; and further meets the requirement of the law under this presumption statute as laid down by the court in the Thornhill case, 106 Miss. at 409, which was a review of all the cases on the subject up to the time; namely, "When the facts and circumstances under which the injury was inflicted have been ascertained, the presumption of negligence created by the statute

disappears and the defendant's negligence *vel non* must then be determined alone from the facts and circumstances."

Appellant in his brief attempts to distinguish the *Hunnicutt case,* 98 Miss. 290, from the case at bar. In this effort, we think he fails. We consider the Honeycutt case a direct authority supporting the decision of the court below in this case.

Now, so far as the presumption statute is concerned, we contend that the facts and circumstances show that the act of plaintiff in the instant case was the sole cause of injury, and the fact that plaintiff on account of his age cannot be charged with negligence under the law, does not fix negligence upon the defendant railroad; and if the railroad was not guilty of negligence proximately contributing to the injury, then whether plaintiff was guilty of negligence as a fact or because under the law he cannot be charged with negligence, does not inure to the benefit of plaintiff or confer upon plaintiff any right against the railroad.

In the Hunnicutt case the court stated the law under *prima-facie* statute as strongly as it is stated in any of the cases upon that subject, placing the burden upon the railroad as strongly as any of the cases put it, and requiring the railroad to clear up the situation as strongly as any of the cases require it, and further found it was perfectly clear that Hunnicutt was killed by the running of a train, so as to give plaintiff the benefit of the *prima-facie* statute; and the court undertook in its opinion to state by supposition as to how the accident actually happened, and the court admitted that the different theories that the court gave as to how Hunnicutt was injured might be said to be merely a conjecture or theory, but the court said that the physical facts and the evidence did not stop at mere conjecture but went far beyond that. We contend that the facts and circumstances in the Hunnicutt case do not prove anything more than do the facts and circumstances in this case to relieve the railroad of liability.

Appellant relies upon the third part of the court's sum-
ming up of the law in the *Thornhill case,* 106 Miss. 409.
Under the known facts in this case, what negligence is pre-
sumed in the doing of any act that would have reasonably
caused the injury to this plaintiff?    It is clearly shown
what was being done by the employee was the moving
along upon a track of a railroad train in broad daylight.
Therefore, what the defendant was doing is clearly shown
and not left in doubt, as required under said paragraph 3.
Now what act can it be presumed that the employees
handling said train omitted, which if it had not been
omitted could have prevented the injury?    The answer is:
Nothing.    What omission is defendant guilty of or could be
guilty of in the light of the known facts that would cause
the plaintiff's injury?    The only thing that I can imagine
that they could omit to do would be blowing the whistle
and ringing the bell to let the plaintiff know that the train
was there passing along in front of him.    This omission
certainly did not contribute to the injury.    The engine had
passed the point where the boy approached the train before
they were close enough to the train to cause the engineer to
apprehend that they would attempt to walk into the train,
especially when there was a grown negro man walking in
front of the boy.

Appellant seeks to bring to his aid in his argument on
this *prima-facie* statute cases in which persons were hurt
in attempting to cross the railroad ahead of the engine,
where the railroad was guilty of excessive speed and fail-
ed to blow whistles and ring bells as required by statute.
Those cases can possibly have no application to the facts in
this case, and we will not undertake to distinguish them by
citing the facts in each.

In reply to appellant's brief wherein he invokes the bene-
fit of the six mile statute, we say that all the cases referred
to in appellant's brief upon this subject to the six mile
statute are cases in which the persons injured were at-
tempting to cross the track or on the track in front of
the locomotive, and the circumstances show that had it

not been for the excessive speed, it was clear that the parties would have been off the track and out of the way, thus clearly showing the excess speed contributed to the injury. The only case different from this cited by him is the *Jones Case*, 75 Miss. 972, in which a dog attempted to run under a fast moving train. It is perfectly clear in the Jones case that when you consider the agility of a dog and the speed with which he could pass under a train, as the opening is sufficiently large for him to go through unhindered, that the speed of the train would have something to do with him getting across from one side to the other before the wheels would hit him. We do not consider the Jones case applicable in any respect to this case.

The rule with reference to this statute is very different when it is applied to a party attempting to get on or off a moving train, and would necessarily be different if he deliberately walks up to a moving train sufficiently close to be struck thereby. This principle is clearly illustrated in the case of *Howell* v. *The Railroad*, 75 Miss. 242. In this Howell case a boy who would have been thirteen years old his next birthday, was ordered with other boys to get off the train by the conductor, and was told that if they did not get off they would get a sweet ride through Hazelhurst by increasing the speed of the train, and that the speed of the train was increased, and that some of the boys got off. In that case the court held: "But there must be causal connection between the act causing the injury and the injury. Here, conceding the increasing of the speed of be wilful, there is no causal connection between that act and the injury. It was not the rate of speed which cause the injury but getting off, or attempting to get off, or falling off in attempting to get off, in the face of that rate of speed.

Regardless of plaintiff's age, he was a trespasser and subject to the rules of law as to trespassers. In the case of *Railroad* v. *Smith*, 111 Miss. 485, this principle is discussed and the rule thoroughly established as follows: "Until the engineer saw the child and her peril, he owed her no other or greater duty than that due any trespasser what-

ever. Only when the engineer sees the trespasser is a child is he brought under a rule of greater care and caution. The true rule seems to be that, although the age of the child may be important in determining the question of contrib- utory negligence, or the duty of the company after dis- covering him, the company is, in general, no more bound to keep its premises safe for children who are trespassers, or bare licensees, not invited or enticed by it, than it is to keep them safe for adults." "We believe that this has al- ways been the rule of this state."

In defining "proximate cause" this court, in the case of *Billingsly* v. *The Railroad*, 100 Miss. 625, said: "Proxi- mate cause is said to be a vexed metaphysical question; but it can be safely said that in order to constitute a proxi- mate cause there must be causal connection between the injury and the negligence complained of." It will be ob- served in *Howell case, supra,* this court said that the speed of the train had no causal connection with the injury and the Billingsly case says there must be a causal connection in order for it to be a proximate cause. There can be no difference in principle in a case in which a party is jump- ing off a moving train, as in the Howell case, and that of one attempting to get on a moving train, as in the instant case.

Appellant seems to rely most confidently upon the case of *Jones* v. *The Railroad*, 75 Miss. 972, supra, and com- pares plaintiff to the dog in the Jones case. We do not think that the case of the boy is at all comparable with the dog case. We do not think that the Jones case can possibly be considered in arriving at a solution of this case. What- every theory the court might have as to how this boy got hurt, no one can conclude or presume that this boy made an effort to crawl under the train as the dog in the Jones case did. If the boy had attempted to crawl across the track under the train, he would evidently have gone head foremost on his allfours and his feet being behind his body would have been between the rails as his feet crossed the rails and the boy would have been absolutely crushed to

pieces, as his whole body would have of necessity been under the train; and the fact that his foot only was touched by any part of the train demonstrates that we need not consider the Jones case, because we know that this boy was not injured by trying to crawl under the train.

We contend that, taking either of the above statutes separately or both together, it is clear that this case ought to be affirmed.

HOLDEN, J., delivered the opinion of the court.

Appellant, Karlton Bonds, sued the appellee railroad company for damages for the loss of his left foot, which was crushed by one of the appellee's trains in 1902 when the appellant was seven years of age. The injury occurred within the corporate limits of the town of Baldwyn while the train was running at an unlawful rate of speed, between twelve and fifteen miles per hour. The appellant was following a negro man across the railroad track when the train was passing. The negro man crossed over or through the train to the other side of the track, but the appellant either attempted to get on the train or to cross in some way to the other side and was injured on the rail by the wheels running over his foot. After he was injured he managed to get back clear of the track where he was afterwords picked up.

At the trial the appellant did not recollect and did not testify as to how the injury occurred, except that he remembered he approached the train, but could not say in what way or how the train injured him. There was no other testimony offered to show how the injury occurred. The blood on the rail and other circumstances showed that the injury was caused by the running of the cars.

At the conclusion of the plaintiff's testimony the court sustained a motion to exclude the evidence and grant a peremptory instruction for the railroad company, from which judgment this appeal is prosecuted.

The plaintiff's declaration contained two counts, one based on our *prima-facie* negligence statute (section 1808, Code of 1892; section 1985, Code of 1906; section 1645, Hemingway's Code) ; and the other count was predicated on the excess speed statute in incorporated municipalities (section 3546, Code of 1892; section 4043, Code of 1906; section 6667, Hemingway's Code). The defendant railroad company pleaded the general issue. There was no plea of contributory negligence nor the statute of limitation.

The reasoning of the learned circuit judge which led to his conclusion that the appellant was not entitled to recover seems to have been based upon the theory that the evidence sufficiently disclosed the manner in which the injury occurred as to show no negligence of the railroad, and that, while the speed of the train was in violation of the law, such speed was not the proximate cause of the injury. And counsel for the appellee urges here the same reasons in support of the correctness of the judgment of the lower court.

The argument of counsel for the appellee, in substance, is that the testimony offered by the plaintiff was sufficient in explaining how the injury occurred, and could lead to no other reasonable conclusion than that the appellant, who was a trespasser, voluntarily came in contact with the moving train by either attempting to get on it, go between it, or under it to the other side of the track, and that therefore the injury resulted from no negligence of the railroad company, but was caused solely by the negligence of the appellant. In this way counsel contends that the *prima-facie* statute has been met by proof of the facts explaining the injury, and that, having thus shown no negligence on the part of the railroad company, the statute goes out of the case; and, in the absence of testimony showing that the injury was caused by the negligence of the railroad company, the appellant must fail to recover. This position might not be untenable if it were not for the fact that the negligence of the railroad company is shown by proof

of the unlawful rate of speed of the train at the time of the injury.

When the unlawful rate of speed at the time of the injury was shown, the negligence of the railroad company in that regard was established, and it became necessary for the railroad company, before it would be entitled to a peremptory instruction, to exonerate itself by proof that the negligence on account of the speed was not the proximate cause of the injury. Therefore, when the plaintiff established the fact that the injury was caused by the running of the cars and that the speed was unlawful, *per se* negligence, it was then incumbent upon the railroad to exculpate itself by showing that its negligence in running the cars did not cause the injury.

The case seems to be unusual in this, that the proof of negligence in the unlawful speed coupled with the proof of the injury by the running of the cars prevented the appellee from freeing itself under the *prima-facie* statute. The burden under the *prima-facie* statute not having been met by the railroad company, we think it was error for the lower court to grant the peremptory instruction to the defendant.

The *prima-facie* and speed statutes have been so often construed and applied by this court that we see no good purpose in discussing our decisions in that regard. The *Thornhill Case,* 106 Miss. 409, 63 So. 674, is a good discussion of the *prima-facie* statute. *The Handy Case,* 108 Miss. 422, 66 So. 783, and the *Pace Case,* 109 Miss. 667, 68 So. 926, may be cited as pertinent on the unlawful speed statute.

We know of no other case precisely like the one now before us; but it seems clear that, in order for the defendant to overcome the presumptive negligence charged against it by the *prima-facie* statute, it must appear from the evidence in the case that it was not guilty of negligence in any substantial regard at the time which resulted in the injury. That it was guilty of negligence by violation of the speed law, which negligence may or may not have proximately

caused the injury, is shown by the testimony in the case. This being true the presumption of the statute must be met in order to defeat a recovery.

The judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*