WILLIAMS v. LUMPKIN.

(Division B. Feb. 19, 1934. Suggestion of Error Overruled Mar. 19, 1934.)

[152 So. 842. No. 31032.]

Hathorn & Williams, of Poplarville, for appellant.

Heidelberg & Roberts, of Hattiesburg, for appellee.

Argued orally by **E. B. Williams**, for appellant.

**Griffith, J.**, delivered the opinion of the court.

Plaintiff, a child five or six year old, was with his father invited to ride in the defendant's automobile, which was a four-door sedan. The defendant was on the front seat driving, and the child and his father were riding on the rear seat. After having traveled about twenty miles, and while, according to the testimony of plaintiff's witnesses, the car was being driven at a high rate of speed, on loose gravel, the car suddenly swerved, the left rear door flew open, and the child was thrown to the ground and injured. It further appears that at the time the door came open the child had left his seat and was standing near the door with his hands on the back of the front seat; but the proof shows that the defendant did not know that the child had left his proper place on the rear seat, and, since the child was accompanied on the rear seat by his father, the defendant was under no duty to watch the child. It

was the defendant's duty in such a situation to watch the road ahead, and not the child in the rear. The case was submitted to the jury on the theory of the plaintiff, as hereinafter mentioned, and there was a verdict for the defendant.

Both of the instructions requested by, and granted for, the plaintiff placed the plaintiff's contention of liability on the ground that the defendant's negligence in driving at an excessive rate of speed over loose gravel in the highway caused the door of the automobile to come open, and that the coming open of the door was the proximate cause of the injury to the plaintiff. The only evidence to sustain the contention that the rate of speed caused the door to come open was that, when the car suddenly swerved, the door came open. But any such swerve as shown in this record, even at the highest speed any witness testified to, would not cause a latched door of a modern automobile of the sedan type to come open. Such a swerve, however, would cause an unlatched door to come open.

Automobiles are of such general use and form so largely a part of the daily lives and experience of our people that judicial notice may be taken of those prominent facts in respect to them which are a part of the common knowledge of every person of ordinary understanding and observation. 15-16 Huddy, Automobile Law (9 Ed.), pp. 272, 273; 1 Berry, Automobiles (6 Ed.), pp. 20-22. We therefore take judicial notice of the fact that the sedan type of the modern automobile has a latch on each door which will prevent the door coming open, and that such a door will come open only when unlatched. This we think is as well within the rule as to judicial notice as would be the fact that the outside doors of residences have locks. Moreover, these automobile bodies of the sedan type and the doors and latches are so designed and constructed that speed and swerves do not unlatch the doors, as is demonstrated day after day everywhere,

provided the equipment is in good repair; and there is no suggestion that any part of the automobile here was in any respect out of order or not in good repair.

Under this record the theory that the speed and swerve of the car caused the door, if latched, to come open, is based upon conjecture, or at most a mere possibility; and it is well settled, of course, that something more substantial than conjecture or possibility is necessary to form the supporting foundation of a verdict and judgment. New Orleans & N. E. R. Co. v. Holsomback (Miss.), 151 So. 720. Inasmuch as civil causes must be determined upon reasonable probabilities and not upon conjectures or possibilities, we must look only to the reasonable probabilities as disclosed by the record, and reasonable probabilities mean, of course, those for which a fair reason under the facts may be found. The probabilities are clear that the door was unlatched; and this may be reasonably accounted for by the fact that the child in standing near the door may have come in contact with the inside handle to the door, thereby causing it to come unlatched. But, in any event, it was the unlatched condition of the door that caused it to come open when the car swerved; and there is no evidence that the defendant knew that the door was unlatched, or that he had any reason to suspect or anticipate that it was or would be unlatched, and therefore no reason to anticipate that the speed or the swerve would cause the door to come open. In order that a person, doing a particular act which results in injury to another, shall be liable therefor, the act must have been of such character and done in such situation that the person doing it should have reasonably anticipated that some injury to another will probably result therefrom. Actionable fault on the part of a defendant must be predicated on action or nonaction accompanied by knowledge actual or implied of the facts which make the result of his conduct not only a probable result but a result also which he should, in view of these facts, have rea-

sonably anticipated. D'Antoni v. Albritton, 156 Miss. 758, 766, 126 So. 836, 45 C. J., pp. 913-918.

The case as submitted to the jury comes down to this: If the door had not come open, the child would not have been injured. The door would not have come open unless it was unlatched. The defendant did not unlatch it or have any reason to anticipate that it was or would be unlatched. And thus, there being no evidence sufficient to form the foundation of a verdict that the speed or swerve of the car caused the door to come open if latched, or, if unlatched, that the defendant knew of that condition, or had any reason as a prudent man to suspect or anticipate that the door was or would be unlatched, the ground or theory upon which the plaintiff submitted his case is not maintained; and we are not authorized to review the case upon some other ground or theory not submitted to the jury.

It is the universal rule generally upheld in all appellate courts that, except as to jurisdictional questions or some such dominant question as lies at the very foundation of the case, the appellant is confined on appeal to the position which he assumed in the trial court. 2 Ency. Pl. & Pr. 516; 4 C. J., pp. 710-712; Elliott App. Prac., p. 410 et seq. Any other rule would permit a litigant to submit his case to the jury on one theory; and, if unsuccessful there, secure a reversal upon some other ground than that which was so submitted, and thus try his case in parts or sections by piecemeal, to the unreasonable hurt of the public treasury in costs of successive trials. Gulf & S. I. R. Co. v. Boswell, 85 Miss. 313, 321, 38 So. 43. When the appellant's instructions to the jury present one ground upon which a recovery is sought, and is silent as to another ground, it is too late on appeal to shift to the latter ground. In reviewing a verdict, we are limited to the theory of the case as presented to the jury by the appellant, Illinois Cent. R. Co. v. Sumrall, 96 Miss. 860, 867,

51 So. 545, except, as already said, where the additional question lies at the very foundation of the case.

Affirmed.