## MISSISSIPPI POWER CO. v. MAY.
### No. 31616.

Supreme Court of Mississippi.
June 3, 1935.

For former opinion, see Mississippi Power Co. v. May, 161 So. 149.

Heidelburg & Roberts, of Hattiesburg, J. M. Morse, of Poplarville, Wilbourn, Miller & Wilbourn, of Meridian, and Eaton & Eaton, of Gulfport, for appellant.

Hathorn & Williams, of Poplarville, and Earl N. Floyd, of Jackson, for appellee.

756

GRIFFITH, Justice.

Appellee, in her suggestion of error, argues in effect that since she failed to allege and prove that the appellant had actually qualified under the Blue Sky Law (Laws 1916, c. 97), we should consider the case as if the facts were shown that appellant had not qualified thereunder, and that as a consequence we should hold the sale void, entitling appellee to recover the amount paid by her with interest, but without attorney's fees; and appellee relies on Kneeland v. Emerton, 280 Mass. 371, 183 N. E. 155, 87 A. L. R. 1, and the cases cited in the notes to 87 A. L. R. pp. 98–101.

But appellee did not sue in her second count on the theory that appellant had not in fact complied with the Blue Sky Law. On the contrary, she drew her declaration and presented her instructions to the jury on the theory that the appellant, whether it had or had not complied with the Blue Sky Law, was bound by that law, and as to any recovery upon it, as fully and to the same extent as if the defendant had in fact and in every respect complied; and we must, of course, review a case here on the theory on which it was presented in the trial court, especially as to the theory on which it was submitted to the jury. Williams v. Lumpkin, 169 Miss. 146, 153, 152 So. 842. Appellee failed, as already mentioned, to make the proof of an element essential to the maintenance of an action upon the Blue Sky Law, namely, she failed to prove that appellant had qualified under that law, with the result that we had no option except to reverse.

We held, and now reaffirm our intention to hold, that a plaintiff cannot recover upon the Blue Sky Law unless the selling company has complied therewith, and this must be affirmatively proved. It was not necessary to go further than that to dispose of the present case under the second count of the declaration. However, in our former opinion there appears the following language: "The Blue Sky Law was enacted to enable people to inquire either of the seller or the secretary of state, before buying stock, as to whether that law has been complied with by the seller. If it has been, then the buyer may rely upon its security and the rights it gives. One who does not so inquire has no one but himself to blame; and where, in fact, it has not been complied with, the buyer has no right under it, but is left to the common law, or statutes, for redress." While this language accurately reflects the discussions in conference before the opinion was written, we have concluded, upon a mature reconsideration of the subject, to withdraw the quoted language, and to allow the opinion to stand as if that language, unnecessary to a decision, had never appeared in it. We leave undecided, therefore, and until those questions shall be definitely presented on full argument, whether an intending purchaser must inquire or whether he need not inquire as to the seller's compliance with the Blue Sky Law; also whether a sale, by one who should comply, but is shown not to have done so, is void, or voidable or valid; and also we leave undecided anything upon the statutes of limitations in respect to the Blue Sky Law—in fact, with respect to that law, we decide nothing beyond what is stated in the first sentence of this paragraph.

The suggestion of error will be overruled, as well as the suggestion of error filed by appellant.

So ordered.