PICARD *v.* WAGGONER.

In Banc. Nov. 22, 1948.

(37 So. (2d) 567)

Albert S. Johnston, Jr. for appellant.

**T. J. White,** for appellee.

## Griffith, C. J.

The declaration alleges that appellant, the defendant in the trial court, was the owner of a property on Kuhn Street between East Howard Avenue and East Beach Street in Biloxi, and that appellee, the plaintiff was a guest of the defendant, and that said defendant "negligently allowed an open vent to a sewer approximately six inches in diameter to remain open and unprotected among some grass and weeds on her property and the plaintiff . . . at or about 9:15 P.M. on the night of August 30, 1945 stepped onto this open vent to the sewer and received painful and lasting damages . . . ."

It will be noted that there was no allegation as to where on the said property the said open vent was located, the theory of the pleader being evidently that this particular fact would be immaterial,—in which we think the pleader was mistaken. ▮▮ ▮ It is, of course; the duty of the keeper of a lodging house where guests are received for hire to use reasonable care to provide the guest with reasonably safe means of ingress and egress, and when sufficient and suitable means have been designated and supplied for this purpose, the keeper is not under duty to any guest to maintain the entire premises in a safe condition but only such other parts as by invitation or customary use to the knowledge of the keeper the guest would be reasonably expected to go. 43 C.J.S., Innkeepers, Sec. 22, page 1180, 28 Am. Jur. p. 579, and cases cited.

And the theory presented by the declaration was definitely followed up by ▮▮ ▮ two instructions granted at plaintiff's request, which told the jury that it was the duty of the defendant "to maintain her premises in a reasonably safe condition," there being no effort by said instructions to bring the liability within the rule of law above stated, and there was no other instructure to cure the error. There seems to be no dispute that defendant had furnished a safe means of ingress both at and oppo-

site the front entrance on East Beach Street and at and apposite the side entrance on Kuhn Street, and that the vent complained of was not within or closely upon either of the two entrance ways so furnished; and there is some testimony that it was located some twelve feet northward from the Kuhn Street regular entrance, but its exact location is not clear, and, as mentioned, the instructions relieved the jury of making any findings as to where it was, so long as anywhere on defendant's property.

On a review here we are limited to the case as presented to the jury in the trial court, and we are not permitted to conjecture as to what the result might or could have been had the recovery been sought on some other ground. Illinois Cent. R. Co. v. Sumrall, 96 Miss. 860, 867, 51 So. 545; Williams v. Lumpkin, 169 Miss. 146, 153, 152 So. 842. It follows that the judgment must be reversed and the cause remanded.

So ordered.