TAYLOR *v.* STATE.

Oct. 13, 1952

No. 38488          3 Adv. S. 65          60 So. 2d 586

*L. Percy Quinn,* for appellant.

*J. T. Patterson,* Assistant Attorney General, for appellee.

KYLE, J.

This case is a companion case to the case of Lewis v. State, 56 So. 2d 397, decided by this Court on January 21, 1952. The appellant was convicted of the crime of "pigeon dropping" which, under our statute, Section 2240, Code of 1942, is larceny. Garvin v. State, 207 Miss. 751, 43 So. 2d 209, and authorities therein cited.

(Hn 1) The evidence discloses the customary procedure in such cases—the pretended finding by the appellant and one Sarah Lewis of a purse in the City of Starkville, which they represented to the prosecuting witness, Bessie Scales, contained a large sum of money, the proposal of the appellant and her confederate to divide the money with Bessie Scales, the gullible victim, if she would put up a substantial sum of money as evidence of good faith, the delivery of such sum of money to the appellant and her confederate, who immediately departed to get ''the boss man'' to make the division among the parties, and Bessie's realization a few hours later that the ''birds had flown'' to unknown parts.

The appellant's attorney in his brief argues as grounds for reversal on this appeal (1) that the lower court erred in refusing to grant appellant's request for a directed verdict; (2) that the verdict is contrary to the overwhelming weight of the evidence; and (3) that the lower court erred in granting to the State the instruction appearing on page 9 of the record. There is no merit in either of the first two assignments of error. The evidence of the State's witnesses, if believed, was sufficient to justify the verdict of the jury, and the jurors by their verdict have said that they believed the testimony of the State's witnesses. The appellant's criticism of the State's instruction appearing on page 9 of the record is to the effect that the instruction was confusing and misleading, in that it did not sufficiently state the law applicable to principals and accomplices. We have carefully examined the instruction complained of, along with the other instructions granted to the State and to the defendant, and in our opinion the jurors, with the other instructions before them, were neither confused nor misled by that instruction. We find no reversible error in the record, and the judgment of the lower court is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Alexander, Holmes* and *Ethridge, JJ.,* concur.