NEWMAN, et al. *v.* YOUNG.

Nov. 24, 1952

No. 38526          9 Adv. S. 53          61 So. 2d 296

*C. F. Cowart,* for appellants.

*Roach & Jones,* for appellee.

HOLMES, J.

This is a habeas corpus proceeding wherein the appellee sought to recover of the appellants the custody of her minor son, Lloyd Everette Newman. Appellee's petition named as defendants the appellants, the paternal grandparents of the child, and also Claude Newman, the father of the child. Appellants were duly served with process and answered, but no service of process was lawfully obtained upon Claude Newman. However, the

appellee and the appellants agreed and conceded at the outset of the trial that the said Claude Newman was not a necessary party to the proceeding and that the trial might proceed as a contest solely between the appellee, the mother of the child, and the appellants, the grandparents of the child. The cause was heard by the chancellor of the Chancery Court of Franklin County, and at the conclusion of the evidence, the chancellor rendered a decree awarding the custody of the child to the appellee, and the appellants prosecute this appeal.

The appellee and Claude Newman were lawfully married and lived for a while in Natchez, Mississippi. They later moved to New Orleans, Louisiana, in about the year 1942. Two children were born of the marriage, one a girl, Mary Louise Newman, who was of about the age of eight years at the time of the trial, and the other a son, Lloyd Everette Newman, the subject of this controversy, who at the time of the trial was about six years of age. After the birth of the children, Claude Newman was charged with a series of burglaries and was sentenced to the penitentiary for a period of years, and served approximately fifteen months before he was released. Following his imprisonment, it became necessary for the appellee to seek employment in order to support herself and her children, and to the end that she might be free to do this, she placed her young daughter in the custody of appellee's mother who resided in Mississippi, and placed her young son in the custody of his paternal grandparents, the appellants herein.. After the release of Claude Newman from prison, he obtained a divorce from the appellee. The divorce decree made no provision for the custody of the children. Appellee disclaims any knowledge of the divorce until about two weeks after it was granted. Later, on November 7, 1946, the appellee remarried, marrying one Bryant Joseph Young, a resident of New Orleans. Mr. Young became engaged in the operation of a small restaurant and bar

on the corner of St. Charles Avenue and Terpsichore Street in the City of New Orleans, and maintained commodious living quarters over the restaurant, which constituted his place of residence. The evidence is undisputed that he conducted a reputable place of business and that he himself was a man of good character and reputation. The proof shows that after the remarriage of appellee, she was then able to assume the proper care and custody of her children and that she had the consent of her then husband so to do, and that she was then in a position to adequately support them and provide them with educational and religious training, and afford them a home wherein they would be reared in a moral and wholesome environment. She then requested and obtained the custody of her daughter but her request of appellants for the return to her of the custody of her son was denied, and this proceeding was then instituted.

We deem it unnecessary to further detail the evidence. It is sufficient to say that there is no sufficient proof in the record to show the appellee's abandonment of her child, and the chancellor found that both the appellee and the appellants were morally fit and proper persons to have the custody of the child, but held that the right of the mother to his custody prevailed over that of the grandparents.

Appellants contend on this appeal that the chancellor erred in proceeding with the trial of the cause without requiring the father of the child to be made a party defendant to the proceeding. We are of the opinion that this contention can not be maintained. It is unnecessary to decide whether the father was or was not a necessary party to the proceeding. (Hn 1) The appellants conceded in the court below that the father of the child was not a necessary party to the proceeding and consented and agreed that the trial might proceed as a contest solely between the appellee and the appellants. The appellants

will not be now permitted to change their position and contend on this appeal that the chancellor was in error in not requiring the father to be made a party defendant to the proceeding since such contention, in view of this record, is not properly before us for review. Illinois Central Railroad Co. v. Sumrall, 96 Miss. 860, 51 So. 545; Byrd v. Board of Supervisors, 179 Miss. 880, 176 So. 910; Picard v. Waggoner, 204 Miss. 366, 37 So. 2d 567; City of Biloxi v. Lowery, 179 Miss. 364, 377, 175 So. 200; Parker v. California Co., 54 So. 2d 174; Bailey v. Collins, 60 So. 2d 586.

The appellants further contend that the chancellor reached an erroneous conclusion on the facts and that the decree of the chancellor is not supported by the evidence. We are likewise of the opinion that these contentions of the appellants are untenable. **(Hn 2)** The proof is insufficient to show an abandonment of the child by the appellee, and the chancellor found on ample evidence that the appellee is a morally fit and proper person to have the custody of her child, and was correct in holding under the facts of this case that the right of the appellee as the mother of the child prevailed over the right of the appellants, the grandparents of the child. Stegall v. Stegall, 151 Miss. 875, 119 So. 802, 803; Payne v. Payne, 58 So. 2d 377.

We are accordingly of the opinion that the decree of the court below should be and it is affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Lee,* and *Arrington, JJ.,* concur.