## BURRELL *v.* GOSS

No. 42432 November 5, 1962 146 So. 2d 78

*Robert S. Graham, John R. Poole,* Jackson, for appellant.

*Forrest B. Jackson, Howard C. Ross, Jr.,* Jackson, for appellee.

LEE, P. J.

Mrs. Joe Burrell, a resident citizen of Holmes County, sued Miss Sudie Goss, a resident citizen of Attala County, in the Circuit Court of Attala County, to recover damages for alleged personal injuries because of the negligence of Miss Goss in the operation of her automobile.

The evidence is undisputed that, on February 10, 1961, Miss Goss had parked her 1956 Chevrolet automobile at an angle of forty-five degrees, alongside a pickup truck with a high body, on the north side of Mulberry Street in the Town of Durant. About four o'clock that afternoon, Mrs. Burrell was riding in a 1957 International pickup truck, driven by her brother-in-law, Carl Burrell, who was proceeding west on Mulberry Street at a speed of fifteen to twenty miles an hour. Suddenly without warning of any kind, Miss Goss backed her car out of the parked space into the lane and path of the approaching pickup and collided with it.

The only question in this case was the extent of the plaintiff's injuries.

Mrs. Burrell testified that she was jarred off the seat, her head struck the dash, which hurt it, her knees were cut and bruised, one shoulder was hurt, and several ribs were injured. Mrs. Ella Burrell, a sister-in-law, in the pickup at the time, testified that the plaintiff was thrown off the seat, complained of being hurt and a severe pain in her side, and that her knee was injured.

Carl Burrell testified that the plaintiff was knocked off the seat onto the floorboard and that she complained of pain in her back, side, and knees. The right front fender and the hub cap of the pickup were badly bent and the right front light was broken. Mrs. Burrell did not go to a doctor until she was examined by Dr. P. D. Brumby on February 20th thereafter. The doctor, from the history, and his examination, according to his testimony in great detail, said that he found evidence of substantial injuries to her. He treated her and saw her about eight different times.

Miss Goss testified that the damage to the pickup truck was $83 and to her car was $19. (It does not appear whether these amounts were paid, or who paid them; but there was a stipulation by counsel that neither the medical nor car damage was to be considered as part of the damage in this case.) Miss Goss also testified that Mrs. Burrell said that she just had a skinned knee; that she saw the knee; and that the hide was knocked off, and it was bleeding a little over an area about the size of a dollar. J. S. McBride, the City Marshal, was standing across the street, and saw the collision. He testified that he talked to Mrs. Burrell at the time and that she did not appear to be hurt except for her knee, which he said he saw. The scratched place, as he described it, was not "too big * * * a pretty good sized little scraped place there on her knee; looked like it was more like a bumped or an abraised place." It tore her stockings. He said that the collision "was a pretty good jar all right", and while he did not see her thrown to the floorboard, she said that was the way she bumped her knee.

In other words, according to all of the evidence, the plaintiff sustained at least some injury.

The court instructed the jury to find for the plaintiff. The other instructions in her behalf went only to the form of verdict and the measure of damages. The only instructions given for the defendant admonished the jury

not to make an award based solely on speculation or conjecture, and the nine-juror verdict.

The jury returned the following verdict: "We, the jury, find for the defendant. No damages for the plaintiff."

After the return of the verdict, the judge made the following comment: "For all practical purposes, the court will consider this as a verdict for the plaintiff by assessing her damages as a consequence of the accident at nothing." Judgment was entered accordingly.

The plaintiff's motion for a new trial was overruled, and she has appealed here.

■■ The law of the case, in whatever form presented, is for the court to determine. 53 Am. Jur., Trial, Sec. 510, p. 412. 88 C. J. S., Trial, Sec. 267, p. 727, says: ■■ "It is the province of the court to instruct the jury on the law applicable to the case, and it is the duty of the jury to act on the law as received by them from the court."

■■ Besides, "Nonconformity of the verdict to the judge's charge is ground for a new trial, according to the weight of authority, regardless of the showing as to whether the instructions were right or wrong. Even if erroneous, they constitute the law governing the case, and it is the duty of the jury to follow them. Any other rule, it is said, would lead to endless confusion * * *". 39 Am. Jur., New Trial, Sec. 127, pp. 136-7. ■■ ■ "As a general rule a verdict will be set aside as contrary to law where, under the evidence, it is contrary to the instructions given by the court * * * It is generally held that the rule that a verdict contrary to the instructions will be set aside applies although the instructions were unsound in law or improperly given." 66 C. J. S., New Trial, Sec. 68, pp. 201-202.

In the case of Banfill v. Byrd, 122 Miss. 288, 84 So. 227, Mrs. Banfill sued Byrd, Chief of Police, for damages for an unlawful search of her hotel. The court instructed

the jury peremptorily to find a verdict for plaintiff on liability. In spite of this instruction, the jury returned a verdict for the defendant. At the time of the return, the court inquired of counsel for the plaintiff whether he desired the jury to return and reform its verdict, and counsel replied "No". After the verdict was received and the jury was leaving the courtroom, counsel for defendant moved the court to have the jury again retire and find a verdict in accordance with the instructions; but this motion was overruled. Thereafter the plaintiff filed a motion to set aside the verdict and grant him a new trial because the verdict was contrary to the given peremptory instruction, and for another reason. At this juncture, the defendant's motion to correct and amend the judgment so as to find for the plaintiff and assess his damages at $1 was sustained, and the plaintiff's motion for a new trial was overruled.

The opinion, in dealing with this question in that case, among other things, said: "The jury having been instructed peremptorily to find for the plaintiff, and having refused so to do, it is fair to assume that the jury acted on the theory that there was no liability rather than that there was no damage ***" Consequently the Court was of the opinion that the plaintiff was not bound to move that the jury retire and reconsider its verdict where it had contumaciously refused to follow the court's instruction. The cause was reversed for a new trial.

██ █ Miss Goss, in backing her car into the street at the time and place in question, was under the obligation to exercise reasonable care to prevent injury to others. ██ █ Instead of so doing, the evidence showed undisputedly that she was careless and negligent in the way and manner in which she entered the traffic lane; that the collision and consequent damage was the proximate result of her carelessness and negligence; and that at least some damage was sustained by Mrs. Burrell. This

made a case of actionable negligence. 65 C. J. S., Negligence, Sec. 2, pp. 324-325.

 The court was correct in giving the requested peremptory instruction for the plaintiff. The jury should have found a verdict in accordance with that instruction. However, it did not do so. It ignored the court's instruction in a province where it had no right of meddling. It had undoubtedly promised in advance of selection that it would try the case in accordance with the law and the evidence. When it returned the verdict for the defendant, it failed to observe its oath and substituted its judgment as to liability for that of the judge. Such conduct must never be approved.

Since there is no question whatever that Mrs. Burrell sustained some physical damage, this case is in no way controlled by Phillips v. Delta Motor Lines, Inc., 235 Miss. 1, 108 So. 2d 409, or Kellum v. Cooperative Creamery Association, Inc., 238 Miss. 731, 120 So. 2d 433.

The cause is therefore reversed and remanded for a new trial on damages only.

Reversed and remanded.

*Kyle, Ethridge, Gillespie and McElroy, JJ.,* concur.