362 So.2d 594 (1978)
Gertrude GRIFFIN
v.
Wade J. FLETCHER.
No. 50532.
Supreme Court of Mississippi.
August 23, 1978.
Don H. Evans, Jackson, for appellant.
Daniel, Coker, Horton, Bell & Dukes, Forrest W. Stringfellow, Gulfport, for appellee.
Before SMITH, BROOM and LEE, JJ.
LEE, Justice, for the Court:
Gertrude Griffin filed suit against Wade J. Fletcher in the Circuit Court, First Judicial District of Hinds County, Honorable William F. Coleman, the presiding judge. From a verdict and judgment in favor of Fletcher, she appeals here and assigns the following errors in the trial below:
(1) The verdict of the jury was contrary to the law and the overwhelming weight of the evidence and was contrary to instructions given by the court.
(2) The verdict of the jury was inadequate and evinced bias, passion and prejudice on the part of the jury or the verdict indicated that the jury was confused by the instructions.
(3) The trial court erred in overruling appellant's motion for a new trial on damages only, or, in the alternative, for a new trial.
(4) The trial court erred in granting appellee Instruction No. 7.
(5) The trial court erred in granting appellee Instruction No. 9.
Appellant, a 43-year-old nurse's aide and school bus driver for the Jackson Municipal Separate School District, was driving a bus on her school route May 10, 1976, in the City of Jackson. She stopped to pick up a school child and turned on flashing lights attached to the bus. Appellee, driving a Veterans' Cab, struck the bus at the left rear bumper with the right front of the cab. He testified that "I misjudged and hit it."
When appellant completed her route, she began to suffer pain in her right knee, her foot was swollen and she soaked them in hot water. The next day she was examined by Dr. Robert Smith, who found that she had pain and tenderness in her right knee. She also was complaining of stiffness and *595 pain in her neck. Dr. Smith prescribed Darvon for the pain and saw her for the next four (4) days. She was subsequently referred to an orthopedist and was hospitalized in University Hospital and St. Dominics' Hospital.
At the conclusion of all the evidence, the trial judge granted a peremptory instruction on liability to the plaintiff. There is no cross-appeal to that action. The verdict of the jury was "We, the Jury, find for Wade J. Fletcher" and judgment was entered for the defendant.
The first four assigned errors will be discussed together.
The evidence is undisputed that appellant sustained some injury in the collision and that she suffered damage as a result. Therefore, she was entitled to compensation for same, if the peremptory instruction on liability was properly granted. In Burrell v. Goss, 245 Miss. 420, 146 So.2d 78 (1962), the trial court instructed the jury to find for the plaintiff. The jury verdict was in favor of the defendant and assessed damages for the plaintiff at nothing. This Court said:
"In other words, according to all of the evidence, the plaintiff sustained at least some injury.
The court instructed the jury to find for the plaintiff. The other instructions in her behalf went only to the form of verdict and the measure of damages. The only instructions given for the defendant admonished the jury not to make an award based solely on speculation or conjecture, and the nine-juror verdict.
The jury returned the following verdict: `We, the jury, find for the defendant. No damages for the plaintiff.'
After the return of the verdict, the judge made the following comment: `For all practical purposes, the court will consider this as a verdict for the plaintiff by assessing her damages as a consequence of the accident at nothing.' Judgment was entered accordingly.
The plaintiff's motion for a new trial was overruled, and she has appealed here.
The law of the case, in whatever form presented, is for the court to determine. 53 Am.Jur. Trial, Sec. 510, p. 412. 88 C.J.S. Trial § 267, p. 727, says: `It is the province of the court to instruct the jury on the law applicable to the case, and it is the duty of the jury to act on the law as received by them from the court.'
Besides, `Nonconformity of the verdict to the judge's charge is ground for a new trial, according to the weight of authority, regardless of the showing as to whether the instructions were right or wrong. Even if erroneous, they constitute the law governing the case, and it is the duty of the jury to follow them. Any other rule, it is said, would lead to endless confusion * * *'. 39 Am.Jur., New Trial, Sec. 127, pp. 136-7. `As a general rule a verdict will be set aside as contrary to law where, under the evidence, it is contrary to the instructions given by the court * * *. It is generally held that the rule that a verdict contrary to the instructions will be set aside applies although the instructions were unsound in law or improperly given.' 66 C.J.S. New Trial § 68, pp. 201-202." 245 Miss. at 424-425, 146 So.2d at 79-80.
Likewise, in Banfill v. Byrd, 122 Miss. 288, 84 So. 227 (1920), the trial court instructed the jury to return a verdict for the plaintiff, but the verdict was for the defendant. The Court said there:
"In the next place, it is insisted that the judgment of the court below was correct for the reason that it was manifest from the jury's verdict that they found no damage; and also because counsel failed, when called upon, to object to the receipt of the verdict, or to move that the jury be returned to bring in a proper verdict. The jury having been instructed peremptorily to find for the plaintiff, and having refused so to do, it is fair to assume that the jury acted on the theory that there was no liability rather than that there was no damage, and we do not think that a party is bound to move the jury to retire and reconsider its verdict where the jury has contumaciously refused to follow the instruction of the court." 122 Miss. at 298, 84 So. at 229.
*596 An examination of the instructions in the present case indicates that, even though a peremptory instruction on liability was given in favor of the appellant, the issue of liability also was presented to the jury in other instructions. This Court said in Moak v. Black, 230 Miss. 337, 92 So.2d 845 (1957):
"It is error for the court in any case to grant instructions which are likely to mislead or confuse the jury as to the principles of law applicable to the facts in evidence; and the two instructions referred to above, which must be read and considered together, are instructions of that kind." 230 Miss. at 351, 92 So.2d at 851.
As stated, the trial court granted a peremptory instruction on liability to the appellant and, in additional instructions to the appellant and appellee, submitted the issue of liability to the jury. The effect of those instructions was to countermand the peremptory instruction and the jury was obviously confused. In this situation, we are of the opinion that the motion for a new trial should have been sustained and that the case should be reversed and remanded for a new trial on both issues of liability and damages. In view of this holding, it will not be necessary to discuss Assignment No. 4, the granting of a certain instruction in favor of appellee.
Appellant contends in her fifth assignment of error that the court should not have given appellee Instruction No. 7, which is as follows:
"The court instructs the jury that any evidence which tends only to show a possibility is no evidence at all and must be disregarded by you in reaching your verdict."
Appellee defends Instruction No. 7 with citations from Williams v. Lumpkin, 169 Miss. 146, 152 So. 842 (1934) and Teche Lines, Inc. v. Bounds, 182 Miss. 638, 179 So. 747 (1938). Those cases hold that the verdict must be based on probability rather than a mere possibility.
The vice of Instruction No. 7 is that it relates to parts of the evidence and not to the entire evidence which supports the verdict, and it is a comment upon the weight of the evidence. Such an instruction conceivably could exclude circumstantial evidence (parts) and it should not be given on a retrial of the case.
For the reasons stated, the judgment of the trial court is reversed and the case is remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.