PITTMAN, Justice,
for the Court:

STATEMENT OF CASE

On August 18, 1989, Linda Jones, while operating an automobile in Columbus, Mississippi, was stopped in an attempt to make a left turn at an intersection and was rear-ended by the automobile driven by Dane A. Wiese. Thereafter, Jones filed suit for personal injuries.
At the conclusion of the trial, the judge peremptorily instructed the jury that Wiese was negligent leaving only the question of damages for jury resolution. The jury returned a verdict for the plaintiff, awarding her damages in the sum of $7,500 for personal injury. Aggrieved, Jones perfected this appeal and raises the following four issues:

I. THE CIRCUIT COURT ERRED IN ORDERING THE PLAINTIFF TO PAY DEFENDANT’S ATTORNEY THE SUM OF $250.00 FOR ATTENDING DEPOSITION FOR TRIAL OF DR. JOHN W. MCFADDEN.

*176
II. THE CIRCUIT COURT ERRED IN ALLOWING THE DEFENDANT’S ATTORNEY TO QUESTION PLAINTIFF ABOUT THE AMOUNT OF MONEY ($25,000.00) RECEIVED FROM THE SETTLEMENT OF AN UNRELATED PRIOR AUTOMOBILE ACCIDENT RESULTING IN PREJUDICING THE JURY.

III. THE CIRCUIT COURT ERRED IN GIVING JURY INSTRUCTION D-4 WHICH USED THE WORD “POSSIBILITY” IN A MANNER IN WHICH WAS A COMMENT UPON THE WEIGHT OF THE EVIDENCE.

IV. THE CIRCUIT COURT ERRED IN FAILING TO GRANT PLAINTIFF’S MOTION FOR ADDITUR, OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL ON THE ISSUE OF DAMAGES. THAT THE VERDICT OF THE JURY WAS THE RESULT OF CONFUSION, PREJUDICE, BIAS OR PASSION AND IS A COMPLETE DISREGARD OF THE DAMAGE INSTRUCTION OF THE COURT AND APPLICABLE LAW, AND THE UNCONTRADICTED TESTIMONY PRESENTED AT THE TRIAL SHOWED THE EXTENT OF THE MEDICAL DAMAGES AND BILLS INCURRED BY THE PLAINTIFF AS A PROXIMATE RESULT OF THE AUTOMOBILE ACCIDENT THAT NEARLY EXCEED THE VERDICT.

We find these assigned errors to be meritorious. We conclude that the circuit court erred in imposing sanctions for the attendance of defense counsel at a deposition where the record does not reveal there was a violation of any discovery rule. Additionally, we find that the trial court erroneously admitted testimony regarding other settlement offers received by Jones. Such evidence was “substantially outweighed by the danger of unfair prejudice” and was error. Miss.R.Evid. 403. Finally, we reverse this case because the trial court improperly granted an instruction containing the word “possibility” which was an erroneous statement of the law, and this error was not cured by a reading of all instructions together. Griffin v. Fletcher, 362 So .2d 594, 596 (Miss.1978).
Because of our decision to reverse and remand for a new trial, our consideration of Issue IV is rendered moot. We, however, review Issues I, II and III.

I. THE CIRCUIT COURT ERRED IN ORDERING THE PLAINTIFF TO PAY DEFENDANT’S ATTORNEY THE SUM OF $250.00 FOR ATTENDING DEPOSITION FOR TRIAL OF DR. JOHN W. MCFADDEN.

On November 14, 1990, the court below entered an order setting this case for pre-trial conference on December 7, 1990.[1] On November 29, 1990, Jones notified Wiese that a deposition of Dr. John McFadden was scheduled for December 5, 1990 for purposes of obtaining trial testimony. In response, Wiese filed a motion for protective order. Because Jones requested the setting of the Pre-Trial Conference, Wiese complained that this necessarily implied that discovery in the case was complete. Upon Wiese’s motion, the circuit court ordered Jones to pay the Defendant’s attorney the sum of $250.00 for the attorney’s appearance at the deposition. The circuit court further allowed Wiese thirty extra days to complete any additional discovery.
' On appeal, Jones contends that the trial court erred in imposing the sanctions against Jones and in support relies upon Miss. R.Civ.P. 32(a)(3) stating:
The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; or (B) that the witness is at a greater distance than one hundred miles from the place of trial or hearing, or is out of the state, unless- it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by sub *177 poena; or (E) that the witness is a medical doctor or (F) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be so used.
In rebuttal, Wiese relies on Miss.R.Civ.P. 26(d)(9) as authorizing the court to make such an order when required “to protect the party or witness from ... undue burden or expense, including provision for payment of expenses attendant upon such deposition or other discovery device by the party seeking-same.”
Premised on what defense counsel viewed as a violation of pre-trial procedure, the trial court sanctioned Jones for the “late” taking of a medical doctor’s deposition for trial purposes. Apparently, the trial judge considered Miss.R.Civ.P. 37 and/or Miss.R.Civ.P. 26(d)(9) as authorizing the imposition of sanctions against Jones.[2] We find that the trial court erroneously applied Rules 37 and 26(d)(9). Both rules deal with discovery violations where the party has failed to make or cooperate in discovery or where the party seeks to protect itself -from annoyance, undue burden or expense. The expense to the defense apparently included $250.00 in attorney fees; the date set for trial was also delayed; and Wiese was given additional time for discovery in order to prepare. The pre-trial order itself made no reference to a deposition cut-off date. Additionally, we note that Dr. McFadden was listed as an expert witness for trial by the defendant, Wiese.
It cannot be said from the facts in this case that Wiese was unduly burdened. Nor do we find that Jones violated any discovery rules whereby discovery sanctions would be applicable. The court was without authority on these facts to impose sanctions; and therefore, the trial court abused its discretion. See Nationwide Mut. Ins. Co. v. Evans, 553 So.2d 1117, 1119 (Miss.1989). With no violation of discovery rules or pre-trial court order, we conclude that the circuit judge was without authority to impose sanctions, and we reverse and render as to Issue I.

II. THE CIRCUIT COURT ERRED IN ALLOWING THE DEFENDANT’S ATTORNEY TO QUESTION PLAINTIFF ABOUT THE AMOUNT OF MONEY ($25,000.00) RECEIVED FROM THE SETTLEMENT OF AN UNRELATED PRIOR AUTOMOBILE ACCIDENT RESULTING IN PREJUDICING THE JURY.

The accident in question occurred on August 18, 1989. Plaintiff Jones had been in a prior accident in Birmingham, Alabama, on October 21, 1988. During cross-examination of Jones, defense counsel for Wiese was allowed, over objection, to introduce into evidence the amount of money received by Jones in a settlement of a collateral claim. The following colloquy between Jones and defense counsel occurred as follows:
Q Thank you. And, Mrs. Jones, in fact of that accident in October twenty-one of nineteen eighty-eight, you got a significant amount of money out of that accident too, didn’t you?
BY MR. GRINDSTAFF: I object, Your Honor.
BY THE COURT: Overruled.
A No, I did not.
Q Did you not receive Twenty Five Thousand Dollars?
A Yes, I did.
Q And that’s not a significant amount of money?
A For a permanent right eye that’s gone, that I’ll never see out of again.
During a hearing on the motion for new trial or alternatively for an additur, the trial court expressed that (1) he did not recall an objection and (2) if an objection had been made, he would still have allowed the testimony regarding the collateral settlement into evidence under Miss.R.Evid. 403 as having more probative value than prejudicial effect.
Jones admits in her brief that the extent of her prior injuries was relevant and a proper subject for cross-examination. However, the amount of a prior settlement for another injury clearly could do nothing but prejudice *178 the jury. See Roberson v. State, 595 So.2d 1310, 1315 (Miss.1992).
The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused. Johnston v. State, 567 So.2d 237, 238 (Miss.1990). Prejudicial evidence that has no probative value is always inadmissible. McFee v. State, 511 So.2d 130, 134 (Miss.1987).
The amount Jones received in settlement for a prior injury is totally unconnected with the one sustained in the automobile collision being tried. Therefore, the issue is collateral and of questionable relevance at best. The balance was in favor of prejudice requiring the trial judge to exclude this information from the jury. “Evidence is unfairly prejudicial for purposes of Rule 403 ‘when it would influence the jury to decide the case on an improper basis.’ ” King v. Ahrens, 16 F.3d 265, 269 (8th Cir.1994). Accordingly, we find that the admission into evidence of other collateral settlement information was manifestly wrong.

III. THE CIRCUIT COURT ERRED IN GIVING JURY INSTRUCTION D-4 WHICH USED THE WORD “POSSIBILITY” IN A MANNER IN WHICH WAS A COMMENT UPON THE WEIGHT OF THE EVIDENCE.

The circuit court, over Jones’ objection, allowed jury Instruction D-4 to be given to the jury. Jury Instruction D^f states “you may not allow or award any damages to the Plaintiff for any alleged injuries that only possibly resulted from the happening of the accident.”
In Griffin v. Fletcher, 362 So.2d 594, 596 (Miss.1978), we ruled that an instruction using the word “possibility” was reversible error:
Appellant contends in her fifth assignment of error that the court should not have given appellee Instruction No. 7, which is as follows:
“The court instructs the jury that any evidence which tends only to show a possibility is no evidence at all and must be disregarded by you in reaching your verdict.”
Appellee defends Instruction No. 7 with citations from Williams v. Lumpkin, 169 Miss. 146, 152 So. 842 (1934) and Teche Lines, Inc. v. Bounds, 182 Miss. 638, 179 So. 747 (1938). Those cases hold that the verdict must be based on probability rather than a mere possibility.
The vice of Instruction No. 7 is that it relates to parts of the evidence and not to the entire evidence which supports the verdict, and it is a comment upon the weight of the evidence. Such an instruction conceivably could exclude circumstantial evidence (parts) and it should not be given on a retrial of the case.
A reading of Instruction D-4 with the other instructions given by the trial judge demonstrates that they did not cure the defect and did not present to the jury a clear statement of the law of the case. See Rester v. Lott, 566 So.2d 1266, 1269 (Miss.1990).
Because of our decision with regard to the preceding issues, we find that a review of Issue TV, the trial court’s failure to grant an additur or a new trial, is now rendered moot.

CONCLUSION

We conclude that the trial court below was manifestly wrong in sanctioning Jones. The trial coui't incorrectly found that the plaintiff had connnitted a discovery violation. This error lead to the wrongful application of sanctions, and we reverse and render as to Issue I. We also hold that the trial court committed an abuse of discretion by allowing the defense to cross-examine Jones with regard to a collateral settlement. We find that under Miss.R.Evid. 403, this evidence was highly prejudicial to the plaintiff and requires a reversal. Finally, this Court holds that Instruction D-4 contained language which this Court has previously found, and continues to find, to be unacceptable. For these reasons, the order assessing Jones with sanctions in the sum of $250.00 is reversed and rendered. The judgment awarding Jones $7,500.00 is reversed, and the case is remanded for a new trial on damages only.
*179 ORDER ASSESSING LINDA B. JONES WITH SANCTIONS IN THE SUM OF $250.00 IS REVERSED AND RENDERED. THE JUDGMENT AWARDING LINDA B. JONES $7,500.00 IS REVERSED AND THE CASE IS REMANDED FOR A NEW TRIAL ON DAMAGES ONLY.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
LEE, P.J., concurs in result only.

. Miss.R.Civ.P. 16 is entitled Pre-Trial Procedure and provides that the court may require the attorneys to appear before it in order to set a pretrial conference.

. The record does not contain the motion for sanctions or the transcript of the motion hearing.