# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-02773-SCT

*BRENDA SAVORY*

*v.*

*FIRST UNION NATIONAL BANK OF DELAWARE*

DATE OF JUDGMENT: 10/15/2002
TRIAL JUDGE: HON. MARGARET CAREY-MCCRAY
COURT FROM WHICH APPEALED: LEFLORE COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT: FRANK THACKSTON, JR.
C. W. WALKER, III.
ATTORNEYS FOR APPELLEE: H. MITCHELL COWAN
VIKKI J. TAYLOR
NATURE OF THE CASE: CIVIL - OTHER
DISPOSITION: REVERSED AND REMANDED - 03/01/2007
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE SMITH, C.J., EASLEY AND GRAVES, JJ.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     This case comes to this Court on appeal from the Circuit Court of Leflore County by the plaintiff, Brenda Savory. Savory claims that she was defrauded by First Union National Bank of Delaware (hereinafter "First Union") and mortgage brokers John Emory and Joni Goss, doing business as Mississippi Mortgage Corporation ("Mississippi Mortgage"),while she was obtaining a loan with First Union. Specifically, the alleged fraud involves the falsification of documents, which Savory argues exaggerated her net worth and bolstered her credit worthiness. On appeal, Savory asserts that First Union was either actively involved in this fraudulent scheme, should have detected the fraud, or that the actions of Emory and

Mississippi Mortgage should have been imputed to First Union because they were agents of First Union.

¶2. We hold that the trial court erred in giving Jury Instructions 26 and 30, as they likely confused and misled the jury as to the correct principle of law. Accordingly, we reverse and remand.

**FACTS**

¶3. In 2000, Savory contacted Orin Parrish, to inquire about a house that was listed for sale. Parrish told Savory that the selling price of the house would not be less than $40,000. Savory subsequently contacted Emory, a loan officer with Wholesale Mortgage, about financing options for the house. Emory took Savory's loan application over the phone and entered information that she provided on a standard Housing and Urban Development (HUD) Form 1003. He also obtained employment and rent verifications, verification of Savory's deposit account and assets, a borrower's authorization and an appraisal of the property to be financed. These documents were submitted to Equicredit, one of Wholesale Mortgage's lending sources. After Equicredit notified Emory that Savory's application had been denied, he transferred her loan application packet to Joni Goss with Mississippi Mortgage.

¶4. At all times relevant to Savory's Complaint, Mississippi Mortgage had applied to be but had not yet been placed on First Union's list of approved brokers. Darrell Carroll, who was the Underwriting Manager for First Union's Broker Division at the time of the events in question, testified that Mississippi Mortgage was allowed to submit Savory's loan application packet on a trial basis while approval of the Broker Agreement between First Union and Mississippi Mortgage was being considered. Carroll testified that, based on

2

representations that the selling price of the house was $53,000 and that Savory would be paying a required ten percent down payment of $9,658, First Union approved Savory's application. First Union loaned $47,7000 on property that actually cost $40,000. On October 6, 2000, the closing on the loan was held at Bobby Fisher, Jr.'s law office. Savory received a cash payment of $1,350 at the loan closing, which is not reflected on the Settlement Statement or other signed loan documents provided to First Union. Savory moved in to the house in November of 2000 but never made any of the scheduled $470.55 monthly mortgage payments to First Union.

¶5.    On March 2, 2001, Savory filed a complaint against First Union, Emory; Mississippi Mortgage; Bobby Fisher, Jr.; Fisher Law Offices and other defendants, charging them with negligence, misrepresentation, fraud, breach of contract and various other claims. On October 3, 2002, a Leflore County jury found that First Union was not liable to Savory. However, the jury awarded Savory $30,000 in actual damages and $20,000 in punitive damages as a result of the fraud by Emory and Mississippi Mortgage. On November 1, 2002, the Circuit Court entered final judgment on the jury's verdict. Savory's motion for a directed verdict against First Union on the issue of liability was denied. Aggrieved by this decision, Savory asserts seven issues on appeal.

> **I.     Whether the Lower Court Erred in Refusing to Rule First Union Was Liable to Brenda Savory as a Matter of Law for its Admitted Preparation of an Admitted Fraudulent Loan Document Applicable to Brenda Savory's Loan from First Union.**
>
> **II.    Whether the Lower Court Erred in Refusing to Rule That Mississippi Mortgage Was First Union's Agent as a Matter of Undisputed Fact and Law.**

3

**III.** Whether the Lower Court Erred in Refusing to Rule That Mississippi Mortgage Acted Within the Scope of its Employment as Agent for First Union as a Matter of Undisputed Fact and Law.

**IV.** Whether the Lower Court Erred in Allowing the Jury to Decide Whether Emory/Mississippi Mortgage Acted as an "Independent Contractor" or "Agent."

**V.** Whether the Lower Court Erred in Excluding from Evidence the Broker's Agreement, Which Both Parties Testified Was Applicable to Savory's Loan from First Union.

**VI.** Whether Jury Instructions 26 and 30 Were Accurate Statements of Law.

**VII.** Whether the Lower Court Erred in Denying Savory's Motion for J.N.O.V.

As the determination of Issues IV and VI control the outcome of this appeal, we address only those issues.

## STANDARD OF REVIEW

¶6. This Court will not set aside a jury verdict unless it is against the overwhelming weight of the evidence and credibility testimony. *SW. Miss. Reg'l Med. Ctr. v. Lawrence, et al.,* 684 So. 2d 1257, 1267 (Miss. 1996). This Court reviews jury instructions as a whole. *Splain v. Hines*, 609 So. 2d 1234, 1239 (Miss. 1992). Defects in particular instructions do not require reversal when the instructions, taken as a whole, fairly express the primary rules of law. *Id.*

## DISCUSSION

**I.** Whether the Lower Court Erred in Allowing the Jury to Decide Whether Emory/Mississippi Mortgage Acted as an "Independent Contractor" or "Agent."

4

¶7.    Savory asserts that the fraud committed by the mortgage brokers was at First Union's express direction because the brokers were controlled by First Union. Savory submits that the trial court should have instructed the jury that First Union was vicariously liable for the wrongful conduct of its agents; therefore the court erred in submitting to the jury the issue of whether the mortgage brokers were agents or independent contractors. First Union counters that the mortgage brokers were not agents of First Union. First Union argues that the brokers were actually independent contractors or agents of Savory.

¶8.    This Court has held that a question of whether an agency relationship exists, or whether a party is an independent contractor, is a question of fact to be resolved by the jury. *Kight v. Sheppard Bldg. Supply, Inc.*, 537 So. 2d 1355, 1358 (Miss. 1989). One legal authority states "when the facts pertaining to the existence or non-existence of an agency are conflicting, or conflicting inferences may be drawn from the evidence, the question presented is one of fact for the jury, . . . and even though the evidence is not full or satisfactory, it is the better practice to submit the question to the trier of fact ." 3 Am. Jur. 2d *Agency* § 372 (1986).

¶9.    In *Elder v. Sears, Roebuck & Co.*, the Court held that, due to conflicting evidence presented, the jury reasonably could have found that Sears exercised sufficient control over its agent, that it should be vicariously liable for the negligence of its agent, and therefore, the agency relationship was a question of fact for jury determination, and not one of law. *Elder v. Sears, Roebuck & Co.*, 516 So. 2d 231, 236 (Miss. 1987). At trial, First Union and Savory presented conflicting evidence regarding whether Emory and Mississippi Mortgage were agents or independent contractors. In support of its position that Emory and Mississippi

5

Mortgage were independent contractors, First Union stated that Mississippi Mortgage independently did the following: (1) selected their own business location; (2) hired and fired their own employees and determined their salaries; (3) conducted their own advertising with no reference to First Union; (4) solicited mortgage customers; (5) took loan applications in their name; (6) managed the daily activities of their office; (7) purchased their own equipment; (8) determined which lender to which the loan application would be submitted; and (9) did not participate in the loan approval process. First Union also introduced testimony showing that Emory followed this same practice. Conversely, Savory introduced evidence that: (1) Mississippi Mortgage and First Union were parties to a contract when Mississippi Mortgage arranged the loan with First Union; (2) First Union controlled the procedures that Mississippi Mortgage was to follow in making Savory's loan; (3) First Union devised loan criteria that was binding on Mississippi Mortgage; (4) First Union required Mississippi Mortgage to keep records relating to the borrowers' loans that it submitted to First Union.

¶10.    Due to the conflicting evidence introduced at trial by Savory and First Union relating to the question of an agency relationship between the mortgage brokers and First Union, we find that the trial court did not err in submitting this issue to the jury. Furthermore, we decline to address the sufficiency of the evidence supporting the jury's finding of whether Mississippi Mortgage and Emory were agents or independent contractors, as the resolution of the next issue controls the outcome of this appeal.

**II.    Whether Jury Instructions 26 and 30 Were Accurate Statements of Law.**

6

¶11. Savory argues that Jury Instructions No. 26 and 30 were incorrect statements of law. However, First Union asserts that the jury was properly instructed as a whole. First Union also argues that Savory has now waived her objections based on her failure to object to these instructions at trial.

¶12. Rule 3.07 of the Mississippi Uniform Circuit and County Court Rules requires attorneys to "dictate into the record their specific objections to the requested instructions stating the grounds for each objection." Miss. URCCC Rule 3.07. Rule 51(b)(3) of the Mississippi Rules of Civil Procedure requires that objections to jury instructions be stated distinctly into the record before the instructions are presented to the jury. Miss. R. Civ. P. 51(b)(3). Further, this Court will not consider an alleged erroneous instruction on appeal unless a contemporaneous objection was made at trial. *Ducker v. Moore*, 680 So. 2d 808, 810 (Miss. 1996).

¶13. A thorough review of the trial record reveals that Savory objected to both instructions in a jury instruction conference held out of the jury's presence before the instructions were given. Savory objected to Instruction No. 26 on grounds that the factors listed to determine the independent contractor status were an abstract statement of law that was neither applicable to the facts of the case nor clear to the jury. Additionally, Savory argued that the jury could find that the defendants were not agents of First Union without finding that they were independent contractors. Savory also objected to Instruction No. 30, arguing that Emory and Mississippi Mortgage were agents as a matter of undisputed fact, and the instruction was an inaccurate statement of law regarding agency.

A. **Instruction No. 26**

¶14.   Savory claims that Instruction No. 26 is confusing and misleading.  Instruction No. 26 in pertinent part states that "the court instructs you that First Union is not responsible for the actions or conduct of Bobby F. Fisher, Jr., Fisher Law Offices [], John Emory, Mississippi Mortgage Corporation, Jason O'Bryant and/or Statewide Real Estate Valuation and Title Corporation if you determine that *any of those parties* were independent contractors." (Emphasis added).  Instead of correctly directing the jury to consider the status of each of these parties, the instruction directed the jury to consider all of the parties as one group.  Under the instruction given, the jury could exonerate First Union from the fraudulent conduct of Emory or Mississippi Mortgage, if the jury found that Fisher or O'Bryant were independent contractors but Mississippi Mortgage and  Emory were not.  Under the correct standard of law, the jury's finding that *any one of these parties* was an independent contractor would *not* exonerate First Union from the wrongful conduct of any of the other parties whom the jury believed to be agents of First Union.  Therefore, this instruction as written is misleading and conflicts with the applicable rule of law.

¶15.   The Court has held that "[i]t is the province of the court to instruct the jury on the law applicable to the case, and it is the duty of the jury to act on the law as received by them from the court." *Griffin v. Fletcher*, 362 So. 2d 594, 595 (Miss.1978).  Furthermore, "[i]t is error for the court in any case to grant instructions which are likely to mislead or confuse the jury as to the principles of law applicable to the facts in evidence." *Id.* at 596 (citing *Moak v. Black*, 230 Miss. 337, 351, 92 So. 2d 845, 851 (1957)); *Puckett Machinery Co. v. Edwards*, 641 So. 2d 29, 34 (1994)(holding that it is reversible error to give instructions likely to

8

mislead or confuse the jury as to the principles of law applicable to the facts in evidence).

### B.    Instruction No. 30

¶16.    The first paragraph of Instruction No. 30 states:

> If you find against Bobby F. Fisher, Fisher Law Offices [], John Emory, Mississippi Mortgage Corporation, Jason O'Bryant and/or Statewide Real Estate Valuation and Title Corporation on Brenda Savory's claims and further find that *that party* was acting as an agent of First Union, you shall not return a verdict against First Union unless *that party* was acting within the scope and course of his employment as an agent.

This portion properly allows a judgment against First Union if the jury found one or more of the parties to be acting within the scope of *that party's* employment as an agent of First Union. However, in the paragraph immediately following this sentence, the instruction directs the jury that "if you find that Bobby F. Fisher, Jr., Fisher Law Offices [], John Emory, Mississippi Mortgage Corporation, Jason O'Bryant and/or Statewide Real Estate Valuation and Title Corporation *each acted as agents* of First Union, you shall not return a verdict against First Union if you find that *their actions* were outside the scope of *their employment as agents*." (Emphasis added). Under this instruction, for the jury to return a verdict against First Union, they had to find that *each party* acted as an agent of First Union. We find that the language in the first and second part of the instruction conflicts, creating probable confusion. Under the correct statement of law, if the jury found that *any* one of these parties were acting within their scope of employment as agents of First Union, the fraudulent actions of that agent could bind First Union. Clearly, Instruction No. 30 failed to instruct the jury as to the applicable rule of law and was likely to cause confusion due to the use of conflicting language within the instruction.

9

¶17.   Because these two instructions were likely to mislead and confuse the jury as to the correct principles of law applicable to the facts in evidence, we find that it was reversible error to grant and give Instructions Nos. 26 and 30.

## CONCLUSION

¶18.   While we find no error by the trial court in submitting the question of agency to the jury, we find that the trial court erred in giving Jury Instructions Nos. 26 and 30, as these instructions were confusing and likely to mislead the jury as to the applicable statements of law.  Accordingly, the final judgment is reversed and remanded for a new trial.

¶19.   **REVERSED AND REMANDED.**

**WALLER, P.J., DIAZ, EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR.  COBB, P.J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.**